Jack C. GAINES, Appellant,

v.

Sarah GAINES, Appellee.

No. 16406.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 13, 1975.

Rehearing Denied March 20, 1975.

Theo. R. Kirchheimer, Houston, for appellant.

Lester L. Fleming, Houston, for appellee.

EVANS, Justice.

This is an appeal from a judgment entered by the Court of Domestic Relations No. 2 of Harris County, Texas, adjudicating certain properties to be community-owned and finding that such properties were not disposed of by a prior decree of divorce.

This action was initially brought by Sarah Elizabeth Gaines against Jack Caskey Gaines in the nature of a bill of review. However, during trial, Sarah Gaines abandoned her claim for equitable relief to set aside, reform or modify the prior divorce decree and the cause proceeded solely upon the issue of whether the decree had disposed of certain property interests which allegedly belonged to the community estate.

Among other items, the divorce judgment dated November 8, 1967 awarded to the husband, Jack Caskey Gaines, as his separate property, certain undivided interests in Polk County real estate described in the decree as follows:

Item 1. "An undivided one-tenth interest in 16.62 acres of land out of the C. DeVore Survey, A–207, Polk County, Texas being a joint venture with nine other persons operating as FLEUR DE LIS."

Item 2. "An undivided interest in and to 51.264 acres of land, more or less in the C. Holshousen (Abstract 294), C. DeVore (Abstract 207) and Michael Chavenoe (Abstract 164) Survey in Polk County, Texas, purchased from J. J. Burris and wife, Dorothy M. Burris by Paul W. Berry, Jack Caskey Gaines, Roger Guthrie, Jr., and Alvin R. Dawson, and an option by the same parties to purchase an additional tract of land containing 50 acres more or less from the said J. J. Burris and wife, Dorothy M. Burris and likewise another option to purchase an additional tract of land containing 160 acres more or less from the said J. J. Burris and wife, Dorothy M. Burris, all of which said options are contained in a contract executed by and between the said J. J. Burris and wife, Dorothy M. Burris, and the said Paul W. Berry, Jack Caskey Gaines, Roger Guthrie, Jr., and Alvin R. Dawson on the 18th day of May, 1967, to which con-

tract reference is hereby made for a more accurate description of same."

It is the contention of Sarah Gaines in this action that the Polk County interests constituted the assets of a joint venture or partnership between Jack Gaines and others; that the community owned an interest in the partnership venture which was not litigated in the divorce forum, and that the divorce court's attempted award to Jack Gaines of specific partnership property was ineffective.

On the motion of Sarah Gaines, the court in the instant case entered partial summary judgment finding that as of the date of the divorce decree, the parties owned a 10% community interest in a partnership venture known as Fleur de Lis (Item No. 1 described above) and also a 10% interest and a 25% interest in a partnership venture known as the Forest Hills Company (Item No. 2). In its partial summary judgment, the court further found that the divorce decree did not adjudicate the ownership of these partnership interests and awarded said Sarah Gaines and Jack C. Gaines, respectively, an undivided half interest in said partnerships. In its final judgment the trial court set aside that portion of the summary judgment which awarded Sarah Gaines a 5% (½) interest in the partnership venture known as Fleur de Lis but awarded her ½ of the 10% interest (5%) and ½ of the 25% interest (12½%) which it found were owned by the community in the Forest Hills Company partnership. It is noteworthy that the judge who entered the divorce decree was not the same judge who heard the current proceedings and that various stages of these proceedings have been heard and decided by three different judges.

The record reflects that the partnership or joint venture aspect of the Polk County interests was known to both court and counsel in the divorce proceeding and we are not here concerned with equitable grounds for relief such as fraudulent con-cealment or mutual mistake. The sole contention of Sarah Gaines is that the divorce court's award to the husband, Jack Gaines, of specific property, rather than an interest in the partnership or joint venture he had with others, was ineffective for the reason that the property belonged to the partnership and was not owned by Gaines individually.

██ The divorce court's manifest intention was to award to the husband, Jack Gaines, the entire undivided interest in the Polk County properties. This it did effectively, in our opinion, by awarding to him the undivided interest to which he would be entitled under the partnership arrangement and by divesting the wife of any interest in such properties.

Article 6132b, Section 25(2)(a), Vernon's Tex.Rev.Civ.Stat.Ann. (The Texas Uniform Partnership Act), provides:

"A partner, subject to the provisions of this Act and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners."

While a partner does not as between himself and the partnership own title to specific property belonging to the partnership, there is no reason why a court cannot award to a partner, as against a third party, the interest in specific partnership property which is allocated to the partner under the partnership agreement.

There is no suggestion that the partnership did not consent to or concur in the trial court's action and the divorce court's award would, of course, have been without prejudice to the rights of the other partners to the venture since they were not parties to that proceeding. We hold that the divorce court was empowered to award the Polk County property interests to Jack Gaines and that its judgment was res judicata as to such matter.

The divorce decree also made the following award:

"It is further ORDERED, ADJUDGED and DECREED that the monies and properties belonging to the parties in the Shell Provident Fund of the Shell Oil Company as of the 8th day of November, 1967, are awarded one-half to Plaintiff, Sarah Elizabeth Gaines, and one-half to Defendant, Jack Caskey Gaines."

In the case before us the trial court found that on November 8, 1967, the parties owned at least 4900 "units" in the equity account of the Shell Provident Fund, one-half of which were awarded to Sarah Gaines. It further found that on July 7, 1969, Jack Gaines caused 4900 units to be liquidated and that he derived from such sale the sum of $10,280.00, no part of which was paid to Sarah Gaines. It found that Sarah Gaines was therefore entitled to receive one-half of such sum paid on liquidation but that the Shell Provident Fund, subsequent to such liquidation, had sought to protect her interest by replacing her one-half share of the units sold. The trial court then ordered Jack Gaines to issue immediate instructions to the Fund to sell units in the account to the extent necessary to produce a sum equal to one-half of the amount he had received on the liquidation and to the extent necessary to pay said amount over to Sarah Gaines.

The custodian of the Shell Provident Fund testified that Sarah Gaines was always protected as to the share awarded to her under the divorce decree because the amount of her former husband's withdrawal could not exceed that awarded to her and that there would always be in her account funds sufficient to protect her interest. He testified a Fund member's account was not divided into separate accounts after a divorce but that withdrawals by Mr. Gaines did not affect Mrs. Gaines' equity and were charged entirely against his account. The net effect of his testimony was that while Sarah Gaines had no right

under the company's regulations to withdraw her account from the Fund until Mr. Gaines terminated his employment with the company, her interest in the Fund was protected, that she received earnings on her equity as would any member, and that she suffered no loss by her former husband's withdrawal of his share of the Fund. The evidence established that the Shell Provident Fund recognized the parties' rights under the divorce decree and that a copy of the decree was retained in the Fund member's file with the Fund.

The decree of the divorce does not prohibit withdrawal by either party of the share of the Fund awarded to them, respectively, under the terms of the decree. While a trial court is empowered, in an appropriate situation, to provide means of enforcing the provisions of its decree, it is not entitled, absent appropriate pleadings and proof, to reopen its final judgment and reform its prior award. McDonald, Texas Civil Practice, Vol. 4, Section 18.03, pp. 220–25. We hold that the trial court exceeded its authority in ordering the liquidation and sale of the Equity Fund units and requiring payment of proceeds therefrom to Sarah Gaines.

The trial court's judgment also awarded Sarah Gaines the sum of $259.35 representing one-half of the sum of $518.71 which the court found to be the balance of a community bank account in the Texas Commerce Bank, Houston, Texas, as of the date of the decree and which it found was not disposed of or awarded to either party by the terms of the decree.

The divorce decree determined that the parties had accumulated as community property, among other items, the sum of $9,618.00 in cash and made appropriate division of that sum between the parties. Absent proof that such sum did not include the amount in the parties' bank account at the Texas Commerce Bank, we would be constrained to hold that the divorce decree was conclusive of such matter. However, during the trial proceedings, counsel for

Jack Gaines was asked by the court whether he was stipulating that as of the date of the decree there was a balance of $518.75 in the Texas Commerce Bank and that the decree did not dispose of that asset. Counsel responded that he could not dispute the fact that the parties had joint ownership in that account. Under the state of the record before us we cannot say the trial court erred in determining that the Texas Commerce Bank account was not included as part of the cash sum set forth in the divorce decree.

The judgment of the trial court is affirmed insofar as it awards to Sarah Gaines the sum of $259.35 as her one-half share of the balance in the Texas Commerce Bank account, and in all other respects the judgment of the trial court is reversed and rendered that Sarah Gaines take nothing. Costs of appeal are taxed against the said Sarah Gaines.