**HARRY M. STEVENS COMPANY, INC., Appellant,**

v.

**WORKMEN'S COMPENSATION BOARD of Kentucky, and Vivian Thomas, Appellees.**

Court of Appeals of Kentucky.

July 15, 1977.

Kenneth S. Handmaker, Bernard B. Davis, Handmaker, Weber & Meyer, Louisville, for appellant.

Richard H. Schulten, Louisville, for appellees.

Before COOPER, LESTER and WHITE, Judges.

COOPER, Judge.

This is a Workmen's Compensation case where the appellee fell on a sidewalk adjacent to Churchill Downs as she was leaving her employment with the appellant. She was about to enter an automobile to take her home when her injury occurred. The injury occurred on November 24, 1973. Among other issues on appeal was:

> Whether claimant is precluded from compensation by reason of failure to give timely notice to her employer as prescribed by KRS 342.185.

One of the threshold questions which must be addressed in any Workmen's Compensation claim is whether notice was timely given by an injured employee to his employer as required by KRS 342.185. In its finding of fact, the Workmen's Compensation Board found in Number 2 that, " . . . The defendant received due and timely notice of plaintiff's claim." This statement by the Board, though denominated a "finding of fact", is clearly a conclusion of law. The Board made no findings of fact which either support or contradict its conclusion of law that notice was due and timely given. Therefore, there is nothing in the Board's opinion and award concerning this conclusion of law which can serve as the basis for meaningful appellate review of the Board's conclusion.

This case is reversed with instructions to the court below that it remand the case to the Workmen's Compensation Board for a finding of fact sufficient to make a determination as to whether or not the appellant received due and timely notice of appellee's claim for compensation, as required by KRS 342.185.

We do not, at this time, address the other issues propounded by the appellant.

All concur.