**CHEMETRON CORPORATION and James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, Appellants,**

v.

**Frank McKINLEY and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

July 14, 1978.

Rehearing Denied Aug. 25, 1978.

Discretionary Review Denied Dec. 19, 1978.

Gemma M. Harding, Dept. of Labor, James M. Graves, William P. Swain, Louisville, for appellants.

William A. Miller, Jr., Louisville, for appellees.

Before HAYES, VANCE and WINTERSHEIMER, JJ.

VANCE, Judge:

Appellee, Frank McKinley, who suffered from various allergies, developed a condition known as chronic rhinitis from inhaling toxic chemical substances during his work as a janitor. Prior to this employment he had worked as a dishwasher, janitor, carpenter's helper and parking lot attendant.

The chronic rhinitis resulted from a change in the tissue lining his mucous membranes and nasal passages. It is a permanent condition and the evidence, though meager, sufficiently establishes the probability of a causal relationship between the condition and the condition of his work.

As a result of the chronic rhinitis, McKinley is subjected to nasal congestion and drainage, will likely be more susceptible to upper respiratory infections and should avoid breathing toxic chemical fumes. He has obtained other employment as a janitor where he is not exposed to toxic fumes. He has not shown that his condition has caused him any loss in present earnings.

The Board found him to have a permanent occupational disability of 15% and apportioned the award 60% to the employer and 40% to the Special Fund. The award was affirmed by circuit court. Both the Special Fund and the employer appeal to this court.

The determination of the Board that claimant suffers an occupational disability of 15% is a finding of an ultimate fact. The validity of the finding (which is little different from a conclusion) rests upon whether it is a reasonable finding to be made from the underlying, basic facts. Other administrative agencies are required to make specific findings as to basic facts which support an ultimate finding. We are not cited any reason why an exception to this rule should

be made in the case of the Workmen's Compensation Board. It is sometimes said, however, that the basic findings are implicit in the ultimate finding and we would not remand for a technical reason if the evidentiary support for the necessary basic findings were clearly apparent.

■ In this case the employee is making substantially the same wages as before. Under the rationale of *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968), he does not have any occupational disability unless he has sustained (1) an injury of appreciable proportions (2) which will probably impair his future earning capacity through a reduction of his work life or a limitation of his work opportunities.

■ It was established that claimant's injury is permanent, but not all permanent injuries may be classified as injuries of "appreciable proportions". In *Harry Gordon Scrap Materials, Inc. v. Davis*, Ky., 478 S.W.2d 731 (1972), it was held that "appreciable proportions" means substantial or of significant consequence, and an injury which resulted in a fractured wrist and in which the attending physician expressed the opinion that Davis had a permanent impairment of the right extremity but could nevertheless perform all types of manual labor was held not to be of appreciable proportions.

The injury here is a change in the texture of the tissue lining the mucous membranes and nasal passages. It causes head congestion and discomfort but has not disabled claimant from working.

■ The Board did not make a finding that the injury was one of appreciable proportions. Can we hold such a finding was implicit in the ultimate finding of 15% occupational disability? We think not because there is nothing to indicate that the Board really came to grips with the question of whether or not the injury is one of "appreciable proportions" and the evidence is not such as to compel such a finding. There is probably some evidence under which this injury could be regarded as appreciable and much to indicate otherwise. In this situation the Board should face the issue squarely and make a finding, giving its reason therefor. Without such a finding, a review for arbitrariness is impossible.

There is also an absence of any finding as to the probability that this condition will impair the future earning capacity of the claimant. It may be that upon proper consideration the Board would find that nasal congestion coupled with some increased risk of upper respiratory disease would probably shorten claimant's work life or that his inability to work around toxic fumes would reduce his future employment opportunities, but it is not clear to us that it would do so and we do not think the evidence would compel such a finding.

■ We think it would be infinitely better if the Workmen's Compensation Board in each case would make a specific finding of the basic facts necessary to support the ultimate finding rather than expect reviewing courts to hold that the necessary basic findings are implicit in the ultimate finding. We have not been cited to any authority which holds that we must always indulge the assumption that necessary basic findings were made. In view of the evidence here, which we regard as weak, we do not think this is a proper case to indulge such an assumption.

The judgment is reversed with direction that a new judgment be entered remanding this case to the Board for further findings of fact.

All concur.