**OLD REPUBLIC INSURANCE COMPANY and Ottie Blevins, Movants,**

v.

**David McCARTY and Workmen's Compensation Board, Respondents.**

Supreme Court of Kentucky.

April 22, 1980.

Rehearing Denied June 24, 1980.

William S. Kendrick, Prestonsburg, for Old Republic Ins. Co.

John David Preston, Paintsville, for McCarty.

Donald Campbell, Dept. of Labor, Frankfort, for Workmen's Compensation Bd.

STEPHENS, Justice.

The question before the court is whether the Workmen's Compensation Board, in determining permanent partial disability pursuant to KRS 342.620(9), must make a definite finding relative to the worker's ability to perform a specific, prior occupation.

The respondent, David McCarty, was injured while driving a coal truck for the movant, Ottie Blevins, and sustained a fractured left foot and ankle. For a year and a half prior to the accident, McCarty had been employed as an underground miner. One month prior to the accident he was laid off as a miner and took a job driving a coal truck.

At the hearing before the Workmen's Compensation Board, the testimony of four

doctors was presented. All four testified that McCarty had some degree of permanent functional disability. Two of the physicians opined that the injury was also occupationally disabling, one was noncommittal on this subject, and one doctor testified that there was no occupational disability.

The Board awarded McCarty temporary-total disability benefits for the period of his unemployment, but denied any award of permanent-partial benefits because the injury "was not of such appreciable proportion that he will be impaired on the future labor market." On appeal, the Johnson Circuit Court affirmed the finding of the Board. The Court of Appeals reversed and remanded the case to the Board, because the Board "did not make any finding as to whether [McCarty's] ability to work *as a miner* has been impaired." (emphasis added). The Court flatly stated that, as a matter of law, if McCarty could not return to work as a miner he would be occupationally disabled and would be entitled to an award. The Court directed the Board to make a finding as to whether McCarty had suffered a disability that would impair his future employability as a miner. We believe the Court erred in this decision.

■ The transcript of evidence presents a sharp conflict in the medical evaluation of McCarty's *occupational* disability if, in fact, one exists. Under familiar principles, the Board has the right, as trier of fact, to accept or reject the testimony before it. *Codell Construction Company v. Dixon*, Ky., 478 S.W.2d 703 (1972). And, "in order to reverse the findings of the board unfavorable to the claimant and upon which he had the burden of proof the test is whether the evidence compelled a finding in his favor." *Wagoner v. Smith*, Ky., 530 S.W.2d 368, 369 (1975), citing *Lee v. International Harvester Company*, Ky., 373 S.W.2d 418 (1963).

■ The Court of Appeals did not find that the evidence before the Board was so overwhelming as to compel a finding in McCarty's favor. Rather, it substituted its opinion for that of the Board. Although admitting that the Board is the judge of the credibility of witnesses, the Court of Appeals found that the Board had not "actually faced the true issue"—whether McCarty was disabled as a miner. This construction of the "true issue" is in error, however. The Board was not compelled to make a specific finding as to McCarty's employability as a miner. This may well have been among many factors considered in the Board's determination that McCarty's injury did not constitute a permanent occupational disability. In this regard, we believe the disputed issue was before the Board in the proof presented, and was impliedly resolved against the claimant in the Board's findings. The Board need do no more.

We therefore reverse the decision of the Court of Appeals with direction that the judgment of the circuit court be reinstated.

All concur.