**Louis Edmond SHIELDS, Appellant,**

v.

**PITTSBURG AND MIDWAY COAL MINING COMPANY, Eugene F. Land, Commissioner of Labor and Custodian of the Special Fund, Coal Miners' Pneumoconiosis Fund, and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Jan. 15, 1982.

As Modified June 11, 1982.

Dick Adams, Madisonville, for appellant.

Thomas L. Ferreri, Charles E. Lowther, Mills, Mitchell & Turner, Madisonville, Gemma M. Harding, Dept. of Labor, Louisville, Kenneth E. Hollis, Dept. of Labor, Frankfort, for appellees.

Before COOPER, McDONALD and VANCE, JJ.

McDONALD, Judge:

The appellant, Louis Edmond Shields, appeals from an order of the Hopkins Circuit Court reversing and remanding an order of the Workers' Compensation Board awarding him total permanent disability benefits for the disease of coal workers' pneumoconiosis.

Appellant has worked in the coal mining business since 1940 as a driller. This particular occupation involves a great deal of direct exposure to coal dust. When he terminated his employment on March 30, 1979, because of problems with his breathing, he was earning a salary of $74 a day.

■ Drs. Neal Calhoun, Raymond Snowden, and William Anderson testified for the appellant. We do not find Dr. Anderson's deposition in the record on appeal; however, the parties' briefs indicate that he found Mr. Shields to be suffering from pneumoconiosis, category 1. Drs. Richard P. O'Neill and Selby Coffman testified for the Special Fund.

The medical testimony was contradictory and would not compel a finding either for or against the claimant. The Hopkins Circuit Court did not consider the evidence but simply remanded the case to the Board for additional findings of fact. This opinion, therefore, is limited to the question of whether the Board made adequate findings of fact to comply with the statute and to support its disability award.

The Board made the following findings of fact:

1. As stipulated plaintiff was employee of defendant-employer on March 30, 1979, that both parties were operating under the Act; that plaintiff was classified as a driller; that defendant received a letter from plaintiff advising of his intention to file claim on or about April 4, 1979.

2. The Board finds that the plaintiff's average weekly wage was $370.00.

3. That on or about March 30, 1979, the plaintiff became totally and permanently disabled as a result of the occupational disease of coal worker's pneumoconiosis and/or silicosis arising out of and in the course of his employment as a coal miner. The claimant is 62 years old, with a 7th grade educational level, and has been exposed to the hazards of the disease for about 39 years as a coal miner.

4. That his claim was filed with the Board on May 25, 1979, which was well within three years of the last injurious exposure to the occupational hazard.

5. The defendant received due and timely notice of plaintiff's claim for compensation.

6. The defendant coal company is the employer in whose employment the plaintiff was last exposed to the hazards of such occupational disease, and his disability was not conclusively proven to be the result of such last exposure.

The employer and the Special Fund appealed to the Hopkins Circuit Court from the Board's award, arguing that the Board, in violation of the provisions of K.R.S. 342.-275, failed to set out the "basic facts" in the case which led them to the "ultimate fact" of the appellant's total permanent disability. The applicable part of the statute provides:

The award, order or decision, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue shall be filed with the record of proceedings, and a copy of the award, order or decision shall immediately be sent to the parties in dispute.

The circuit court reversed and remanded the award to the Workers' Compensation Board based on the Board's insufficient findings of fact, and held that even though it is true that a reviewing court cannot substitute its findings for the Board's, nevertheless the Board must state its findings with enough specificity for the Court to conduct a meaningful appellate review. To demonstrate the deficiency of the Board's findings of fact, the circuit court points out that an erroneous medical report—purporting to be a report pertaining

to claimant, but actually a report on another individual—was attached to a doctor's deposition taken on behalf of the claimant. The circuit court goes on to say:

> Of particular importance to this Court is the question of whether the Board gave any weight to the testimony of Dr. Raymond Snowden. As was pointed out to the Board in the brief to it by the employer, Dr. Snowden in his deposition incorporated by reference a medical report which he was supposed to have rendered with regard to the Claimant, Louis Edmond Shields. For some unexplained reason, however, the report marked as Exhibit 2 to his deposition . . . is a report . . . concerning one Wayne Hendrix Bedwell. The Court wonders if the Board considered this report in reaching its conclusion that Mr. Shields was permanently and totally disabled . . . especially in view of the fact that such was the opinion of Dr. Snowden with regard to Mr. Bedwell. Did the Board even give consideration to the statement of the employer in its brief that Dr. Snowden's deposition incorporated an erroneous report? Rather, did the Board simply accept the statement in the second reply brief of the Claimant that "Dr. Snowden's deposition . . . has attached to it a copy of his report pertaining to this Claimant, Louis Shields?" If the Board did so then it clearly erred because this Court has before it the Board's original record and there is no report concerning Louis Shields attached to the deposition of Dr. Snowden.

On appeal to the Court of Appeals the appellant, Louis Edmond Shields, argues that the circuit court erred in remanding the Board's award because there was substantive evidence in the record to support the award. Appellant states that when there is any substantial evidence of probative value to support a finding of the Board, it should not be overturned on appeal. *Holman Enterprise Tobacco Warehouse v. Carter*, Ky., 536 S.W.2d 461 (1976); *Armco Steel Corporation v. Mullins*, Ky., 501 S.W.2d 261 (1973).

Appellant also relies on the case of *McCloud v. Beth Elkhorn Corporation*, Ky., 514 S.W.2d 46 (1974). In *McCloud* the former Court of Appeals held: "The probative value of evidence is not determined by the number of doctors who testify." *Id.* at 46. In *McCloud* the language in the Board's findings of fact was nearly identical to that in the present case. Appellant argues, therefore, that since in that case the Court of Appeals reversed the circuit court judgment and upheld the Board's award, the language of the findings of fact was impliedly accepted.

Appellees point out, however, that in the *McCloud* case the issue of adequate findings of fact was not presented on appeal. In the instant case, appellees assert that the appellant has stated the wrong issue on appeal, since the issue presented to the circuit court was limited to the question whether the Board erred as a matter of law by failing to make specific findings of basic facts. Appellees contend that it is premature to consider whether there is substantial evidence in the record to support the award until the question of sufficiency of findings of fact can be determined. The issues on appeal, according to appellees, are: (1) whether the Board should make findings of basic evidentiary facts to support its ultimate findings of fact or conclusions of law; and (2) whether the Board has failed to do so in this case.

Appellees argue that the Board's opinion and award does not indicate that there was any factual dispute at all and leaves the reviewing court no basis to determine what evidence the Board used to reach its decision. Even though the courts have the sole function of determining whether the record shows any competent evidence of probative value to support the findings of fact of the Board, appellees argue that the Board must first make findings of fact specific enough to allow a meaningful review by the courts.

In *Caller v. Ison*, Ky., 508 S.W.2d 776 (1974), the City-County Planning Commission of Lexington and Fayette County found that a zoning classification was inappropriate. The Court of Appeals in that

case held that a mere parroting of the applicable statute, K.R.S. 100.213(2), failed to meet the requirements of due process since it didn't afford adequate basis for the Court to determine whether the Commission's action had been arbitrary. Other cases that hold that an administrative agency must make findings of basic evidentiary facts, as opposed to a simple statement which reaches a conclusion and quotes the words of a statute, are *Marshall County v. South Central Bell Telephone Co.*, Ky., 519 S.W.2d 696 (1975); *Energy Regulation Commission of Kentucky v. Kentucky Power Co.*, Ky.App., 605 S.W.2d 46 (1980); and *Pearl v. Marshall*, Ky., 491 S.W.2d 837 (1973). In *Pearl, supra,* which involved an application for a liquor license, there were *no* findings of fact; the agency merely found in that case that the appropriate law had been complied with. The Court on appeal made it clear that in any administrative type hearing there must be specific findings of fact to enable the Court, upon review, to determine whether the administrative agency had acted within its powers.

In *Chemetron Corporation v. McKinley,* Ky., 574 S.W.2d 332 (1978), the Board found that the claimant in that case had a 15 percent occupational disability based on an allergic condition, although he had found new employment at no loss of earnings. The Court reversed the award, stating that since the finding of a 15 percent occupational disability was an ultimate fact, its validity depended on whether the award was reasonable based on the underlying basic facts. Under the rationale of *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968), the employee was not occupationally disabled unless he had an injury of appreciable proportions which would probably impair his future earning capacity. The case was remanded to the Workers' Compensation Board for findings of basic fact upon which the award was based. The Court stated:

We think it would be infinitely better if the Workmen's Compensation Board in each case would make a specific finding of the basic facts necessary to support the ultimate finding rather than expect reviewing courts to hold that the necessary basic findings are implicit in the ultimate finding.

*Chemetron, supra* at 334.

In *McCracken County Health Spa v. Henson,* Ky.App., 568 S.W.2d 240 (1977), the claimant had injured his knee in a fall while demonstrating a karate hold to a patron of his health club employer on the work premises. The employer offered no course in karate or self-defense. The Workers' Compensation Board found that the employer had a work-related injury. The Court of Appeals held that the finding of a work-related injury was a conclusion of law, not a finding of fact, and remanded the case to the Board for specific findings of fact. Appellees herein urge the Court to hold, as in *McCracken,* that a choice between conflicting medical opinions is a finding of fact and that the Board should be required to state specifically the evidence it relied on to find that the claimant was totally and permanently disabled due to pneumoconiosis and/or silicosis.

In *Old Republic Insurance Co. v. McCarty,* Ky., 599 S.W.2d 163 (1980), the claimant had sustained a fracture of the left foot and ankle while driving a coal truck. All the doctors who testified in the case were of the opinion that claimant had some degree of functional disability; however, the doctors were not in agreement as to whether the injury was occupationally disabling as well. The Board denied any award of permanent partial disability benefits, the circuit court affirmed and the Court of Appeals reversed for specific findings of fact as to whether McCarty had suffered a disability that would impair his future employability as a miner. The Supreme Court on appeal held that the Workers' Compensation Board, as the trier of fact, had the right to accept or reject the testimony before it, and the Board was not required to make a specific finding of fact relative to McCarty's ability to perform as a miner in order to support its finding of no occupational disability.

In the *McCarty* case there was uncontradicted evidence that claimant had a functional disability. The disputed issue on ap-

peal was whether the Board had erred by not translating this functional disability into an occupational disability and by making no specific finding of fact relative to McCarty's employability as a miner. Since testimony differed concerning McCarty's occupational limitations, the Board was free to accept or reject any testimony and need not find in favor of the claimant unless the evidence compelled a finding in his favor. *Id.* at 164.

█ The issue on appeal in the present case is not whether the Board properly translated an undisputed functional disability into a percentage of occupational disability. Instead, the issue is whether the Board complied with the statute by making adequate findings of fact. The question whether claimant was suffering from pneumoconiosis was sharply disputed by the physicians who testified in the case; and inasmuch as a finding of the existence of pneumoconiosis requires some expertise, all parties should have the benefit of knowing the factual basis for such a determination.

The inadequacy of the Board's findings of fact are further illustrated in Finding No. 5, quoted above, to the effect that the defendant had received due and timely notice of plaintiff's claim for compensation. This statement is actually a conclusion of law, as is pointed out in *Harry M. Stevens v. Workmen's Compensation Board*, Ky., 553 S.W.2d 852 (1977). The question of due and timely notice was not stipulated by the parties to this action, and no facts were set out by the Board to support its conclusion of due and timely notice. The appellate court is left in the position of searching the record to determine the applicable dates, when this fact-finding function should properly be performed by the Board.

█ The case law dealing with administrative bodies clearly indicates that it is required that basic facts be clearly set out to support the ultimate conclusions. *Caller v. Ison, supra; Marshall County v. South Central Bell Telephone Co., supra; Energy Regulation Commission of Kentucky v. Kentucky Power Co., supra*; and *Pearl v. Marshall, supra*. The Workers' Compensation Board is not exempted from this requirement. It is not the intention of the Court to place an impossible burden on the Workers' Compensation Board but only to point out that the statute and the case law require the Board to support its conclusions with facts drawn from the evidence in each case so that both sides may be dealt with fairly and be properly apprised of the basis for the decision. As the circuit court said, "Concededly, it takes more time in writing an Opinion to tailor it to the specific facts in an individual case, however, this Court feels that the litigants are entitled to at least a modicum of attention and consideration to their individual case."

The judgment of the Hopkins Circuit Court is affirmed with directions that the court enter an order remanding the case to the Workers' Compensation Board for specific findings of fact in accordance with this opinion.

All concur.