**KENTLAND ELKHORN COAL CORPORATION, Appellant,**

v.

**James Oliver YATES; John Calhoun Wells, Secretary, Labor Cabinet (Special Fund) and Workers' Compensation Board of Kentucky, Appellees.**

No. 87–CA–622–S.

Court of Appeals of Kentucky.

Jan. 8, 1988.

Paul E. Jones, Pikeville, for appellant.

Herbert Deskins, Pikeville, John E. Stephenson, Labor Cabinet, Louisville, for appellees.

Before COOPER, LESTER and MILLER, JJ.

COOPER, Judge.

This is an appeal from a judgment of the circuit court dismissing a petition for review filed by the appellant/employer, Kentland Elkhorn Coal Corporation, which sought review of an opinion and award entered by the Workers' Compensation Board. The basis for such petition was essentially threefold: that the opinion and award was not in conformity with the provisions of Chapter 342 of the Kentucky Revised Statutes; that the opinion and award was clearly erroneous; and that it was arbitrary or capricious or characterized by abuse of discretion on the part of the Board. Specifically, the appellant alleged that the Board failed to address all of the medical evidence presented to it, and that in failing to address the issue of notice it violated the standards set forth by the court in *Shields v. Pittsburgh and Midway Coal Mining Co.*, Ky.App., 634 S.W.2d 440 (1982). On appeal, the principal issue is whether the circuit court erred, as a matter of law, in ruling by implication that the opinion and award entered by the Board was in conformity with the provisions of Chapter 342 of the Kentucky Revised Statutes; KRS 342.020 and KRS 342.035. Reviewing the record below, we reverse and remand.

Although the appellant argues that substantial medical evidence was introduced establishing that the appellee/claimant, James Oliver Yates, was not suffering from the occupational disease of pneumoconiosis, it concedes that the question before this Court is not one relating to the burden of proof but one relating to procedure. Specifically, it argues that the Board, in issuing a "bare bones, standardized opinion and award," set forth insufficient findings of fact, preventing meaningful appellate review. *See Shields, supra.* Additionally, it argues: that given the language of KRS 342.316(2)(a), the Board was required to address the issue of "due and timely notice" given the fact that the employer contested the issue of notice; and that the failure of the Board to address such issue was error as a matter of law.

In its findings of fact, conclusions of law and judgment, the circuit court summarily upheld the opinion and award of the Board:

This cause having come on for hearing on March 6, 1987, and the Court having heard statements of counsel, and being sufficiently advised, hereby makes the following FINDINGS OF FACT, and CONCLUSIONS OF LAW:

### FINDINGS OF FACT

1. As found by the Board in its Opinion and Award of November 3, 1986.

### CONCLUSIONS OF LAW

1. As found by the Board in its Opinion and Award of November 3, 1986.

### JUDGMENT

Pursuant to the foregoing FINDINGS OF FACT and CONCLUSIONS OF LAW, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. That the Petition for Review filed by the defendant-employer herein is dismissed with prejudice at the cost of the defendant, and the Opinion and Award of the Board is affirmed in every respect.

██ Given the abbreviated nature of the circuit court's judgment, it is unclear to this Court whether the circuit court determined that the Findings of Fact issued by the Board were sufficient to support its Conclusions of Law.

In its opinion and award, the Board issued the following Findings of Fact:

1. As stipulated, plaintiff was an employee of defendant/employer on October 13, 1982; both parties had elected to and were operating under the terms and provisions of the Workers' Compensation Act of the Commonwealth of Kentucky. Defendant/employer received due and timely notice. Plaintiff's average weekly wage was sufficient to justify the maximum compensation payment.

2. Plaintiff has filed a claim under the Federal Coal Miners' Health and Safety Act.

3. Plaintiff, 48 years of age with 18 years of exposure became totally and permanently disabled on or about October 13, 1982 as the result of the occupational disease of pneumoconiosis and/or silicosis, arising out of and in the course of his employment as a coal miner.

4. We have reviewed the conflicting medical opinions and have chosen those of plaintiff's physicians, namely: Brent D. Brandon, William F. Clarke, V.D. Modi, Harvey A. Page, Robert W. Penman, and Frank T. Varney.

5. The plaintiff was last injuriously exposed to the hazards of such disease while in the employment of the defendant, Kentland Elkhorn Coal Corp.

6. The plaintiff was exposed to the hazards of the disease in his employment within this State for a period of time next prior to his disability.

7. The plaintiff's disability has not been conclusively proven to be the result of his last injurious exposure.

Under the heading, "Rulings of Law," the Board simply cited the following statutes: KRS 342.020; KRS 342.316; KRS 342.800. On the basis of the record presented to the Board, we find that such Findings of Fact were clearly insufficient to support the Conclusions of Law and judgment.

Here, the record discloses that the appellee filed an application for total disability as a result of coal workers' pneumoconiosis on April 3, 1985. Nevertheless, he alleged that he became disabled on or about October 13, 1982. He testified that he initially ceased his employment as a result of a layoff and that after such layoff he filed for and received unemployment benefits. Furthermore, he testified that while drawing such benefits he was willing and able to work. And, he testified that although he had worked in the coal industry for 18 years he had worked underground for 13 of those years and 5 years aboveground as a truck driver.

Subsequent to the appellee's filing a claim for disability, and throughout the hearing held before the Workers' Compensation Board, the appellant contested the issue of notice on the simple basis that although the appellee last worked in 1982, he did not notify his employer of his intention to file a claim until April 2, 1985. Such notice was given approximately four months after he had been informed that he had contracted pneumoconiosis and approximately two and one half years after he had ceased his employment. Nevertheless, in its initial Findings of Fact, the Board simply held that the "defendant/employer received due and timely notice." Clearly, such a finding was insufficient. Once the employer contested the question of notice, it was incumbent upon the Board to make specific Findings of Fact from which it could support its legal conclusion that the employer had due and timely notice. See *Harry M. Stevens Co. v. Workmen's Compensation Board*, Ky.App., 553 S.W.2d 852 (1977). On this basis alone, the judgment below must be reversed for additional Findings of Fact.

Of equal importance is the failure of the Board to address the medical question of whether the appellee did, in fact, suffer from the disease of pneumoconiosis. Here, although there was support for a finding of pneumoconiosis from a number of physicians—the only physicians cited by the Board in its Findings of Fact—there was the medical testimony or reports of fifteen additional physicians that the appellee did not suffer from coal workers' pneumoconiosis. In that the question of medical disability was sharply disputed, it was again incumbent upon the Board to set forth a specific factual basis for its finding that the appellee did, in fact, suffer from pneumoconiosis. As stated by the circuit court

in *Shields, supra:* "the litigants are entitled to at least a modicum of attention and consideration to their individual case." At p. 444.

In effect, the *Shields* court held that if the issue of whether the claimant suffers from pneumoconiosis is sharply disputed by numerous physicians, the litigants should have the benefit of knowing the factual basis for the Board's determination that he does, in fact, suffer from it. Here, the Board's finding was woefully inadequate. And, even, assuming for the sake of argument, that the claimant is shown to suffer from pneumoconiosis, the Board failed to address the question of whether such pneumoconiosis, if it were Category I pneumoconiosis, caused any functional or occupational disability. Given the Board's failure to adequately address the factual issues relating to the question of the appellee's disability, this action must be reversed and remanded.

This Court recognizes that the Workers' Compensation Board, perhaps more than any other administrative body, is overwhelmed by the sheer magnitude of claims before it. No doubt a large portion of such claims relate to coal miners' pneumoconiosis. Nevertheless, this Court cannot sanction a mechanical, "bare bones" approach to deciding individual cases. Although it is no doubt tempting for the Board to issue standardized opinions and awards, it is required, as stated by the court in *Shields*, to give the litigants a modicum of attention and consideration to the specific case involved. Such attention is necessary for any appellate review to exist, whether such review be in the circuit court or in this Court. Consequently, we trust that the Board in the future will refrain from using such a "bare bones," standardized approach in addressing similar claims to the one before this Court.

The judgment of the circuit court is reversed with directions that this action be remanded to the Workers' Compensation Board for additional Findings of Fact setting forth a specific basis for the findings on the question of the appellee's disability as well as specific Findings of Fact on the question of notice and whether proper notice was given.

All concur.