Henry **PODGURSKY** d/b/a Modern Woodworking, Appellant

v.

Robert **DECKER**; Uninsured Employers' Fund; Hon. Jonathan R. Weatherby, Administrative Law Judge; and Workers' Compensation Board, Appellees

NO. 2015-CA-001390-WC

Court of Appeals of Kentucky.

OCTOBER 21, 2016; 10:00 A.M.

BRIEF FOR APPELLANT: C. Patrick Fulton, Natalie Laszkowski, Louisville, Kentucky

BRIEF FOR APPELLEE ROBERT DECKER: Wayne C. Daub, Louisville, Kentucky,

BRIEF FOR APPELLEE THE UNINSURED EMPLOYERS' FUND: William Jones Frankfort, Kentucky

BEFORE: CLAYTON, JONES, AND TAYLOR, JUDGES.

## OPINION

JONES, JUDGE:

This appeal comes to us following a decision by the Workers' Compensation Board ("Board") reversing the Administrative Law Judge's ("ALJ") decision that the Appellee, Robert Decker, was exempt from coverage under the Workers' Compensation Act ("Act") by virtue of KRS[1] 342.650(2). For the reasons set forth below, we affirm.

1. Kentucky Revised Statutes.

## I. BACKGROUND

On or about June 9, 2014, Decker filed a Form 101 Application for Resolution of Injury Claim. In his Form 101, Decker alleged that on March 17, 2014, he sustained a work-related injury while working on a ladder for Appellant/Employer, Henry Podgursky d/b/a/ Modern Woodworking ("Modern Woodworking"). Specifically, Decker alleged that while working on the ladder in order to winterize the shop, the ladder slid and fell, causing him to fall to the concrete floor below him, landing on his left side. Decker alleged injuries to his "whole left side," including his back, hip, and leg.

Decker's claim was assigned to the Honorable Jonathan Weatherby ("ALJ Weatherby"). Following a period of discovery, a benefit review conference ("BRC") was held November 4, 2014. At the BRC, the parties stipulated to: date of Decker's alleged work-related injury (March 17, 2014); notice; Decker's date of birth (October 11, 1970); education level (12th grade); and that Decker had no specialized or vocational training. The parties, however, did not stipulate to: jurisdiction under the Act; whether an employment relationship between Decker and Modern Woodworking existed; Decker's average weekly wage ("AWW"); unpaid or contested medical expenses; temporary total disability ("TTD") benefits; and permanent disability benefits per KRS 342.730.

On November 18, 2014, ALJ Weatherby conducted a hearing on the disputed issues at which both Decker and Podgursky testified. In addition to this testimony, the parties also relied on the following evidence: Decker's August 19, 2014, deposition; medical records of Dr. Jules Barefoot; medical records of the University of Louisville Hospital and University of

Louisville Orthopedic Surgery; wage records of Clifton Pizza; the medical records of Dr. Martin Schiller; and additional AWW records.

On January 20, 2015, ALJ Weatherby rendered an Opinion and Order. Therein, ALJ Weatherby made the following findings of facts and conclusions of law:

10. Per KRS 342.650(2), the following employees are exempt from coverage under the Act: Any person employed, for not exceeding twenty (20) consecutive work days, to do maintenance, repair, remodeling, or similar work in or about the private home of the employer, or if the employer has no other employees subject to this chapter, in or about the premises where that employer carries on his or her, trade business or profession;

11. Both the Plaintiff and Mr. Podgursky have testified that the Plaintiff never worked in excess of two consecutive days, and that he performed maintenance and repair work at Mr. Podgursky's private residence, former business, and rental properties. It is also undisputed that Mr. Podgursky has no other employees that are subject to the Worker's Compensation Act.

12. The ALJ finds that the employment of the Plaintiff in this matter fits squarely into the KRS 342.650(2) exemption. The ALJ finds that Mr. Podgursky had ceased doing regular business in the woodworking shop and was primarily involved in owning and maintaining rental property and that the Plaintiff was exclusively involved in repair and maintenance work at the private home of Mr. Podgursky as well as about the premises wherein Mr. Podgursky's trade or business is conducted.

Based on his findings and conclusions, ALJ Weatherby dismissed Decker's claim on the basis that Decker was not covered by the Act at the time of his injuries. Decker filed a timely Petition for Reconsideration asserting ALJ Weatherby erred, as a matter of law, in finding that no employment relationship existed between him and Modern Woodworking, which ALJ Weatherby overruled.

Decker appealed the ALJ's dismissal of his claim to the Board. The Board determined that ALJ Weatherby erred in "finding Decker fit within the KRS 342.650(2) exception" and remanded Decker's claim to ALJ Weatherby for a decision on the merits. It is from the Board's Opinion that Modern Woodworking now appeals.

## II. STANDARD OF REVIEW

■ Pursuant to KRS 342.285, the ALJ is the sole finder of fact in workers' compensation claims. Our courts have construed this authority to mean that the ALJ has the sole discretion to determine the quality, character, weight, credibility, and substance of the evidence, and to draw reasonable inferences from that evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985); *McCloud v. Beth–Elkhorn Corp.*, 514 S.W.2d 46, 47 (Ky. 1974). Moreover, an ALJ has sole discretion to decide whom and what to believe, and may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof. *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15, 16 (Ky. 1977).

■ On review, neither the Board nor the appellate court can substitute its judgment for that of the ALJ as to the weight of evidence on questions of fact. *Shields v. Pittsburgh & Midway Coal Mining Co.*, 634 S.W.2d 440, 441 (Ky. App. 1982). A reviewing body cannot second-guess or disturb discretionary decisions of an ALJ

unless those decisions amount to an abuse of discretion. *Medley v. Bd. of Educ., Shelby County*, 168 S.W.3d 398, 406 (Ky. App. 2004). Discretion is abused only when an ALJ's decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Downing v. Downing*, 45 S.W.3d 449, 454 (Ky. App. 2001). To demonstrate an abuse of discretion, "[a] party who appeals a finding that favors the party with the burden of proof must show that no substantial evidence supported the finding, *i.e.*, that the finding was unreasonable under the evidence." *Abel Verdon Const. v. Rivera*, 348 S.W.3d 749, 754 (Ky. 2011).

However, statutory interpretation is a matter of law reserved for the courts, and courts are not bound by either the ALJ's or the Board's interpretation of a statute. *Halls Hardwood Floor Co. v. Stapleton*, 16 S.W.3d 327, 329–330 (Ky. App. 2000). Indeed, the appellate court's "province is to ensure that ALJ decisions, and the Board's review thereof, are in conformity with the Workers' Compensation Act." *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 874–75 (Ky. App. 2009) (internal citations omitted).

## III. ANALYSIS

This appeal primarily presents an issue regarding the scope and meaning of the phrase "person employed for, not exceeding twenty (20) consecutive work days" as used in KRS 342.650(2). The statute provides:

The following employees are exempt from coverage under this chapter: .... (2) Any person employed, for not exceeding twenty (20) consecutive work days, to do maintenance, repair, remodeling or similar work in or about the private home of the employer, or if the employer has no other employees subject to this chapter, in or about the premises where that employer carries

on his or her trade, business, or profession.

*Id.*

The ALJ concluded that Decker's employment with Modern Woodworking fit "squarely into the KRS 342.650(2) exemption[,]" noting that both Decker and Modern Woodworking "testified that [Decker] never worked in excess of two consecutive days, and that he performed maintenance and repair work at [Modern Woodworking's] private residence, former business, and rental properties. It is also undisputed that [Modern Woodworking] has no other employees that are subject to the Worker's Compensation Act."

We are sympathetic to the ALJ's plight. There is virtually no case law applying or interpreting this section of the Act. Nevertheless, after a careful review of the statute, we must agree with the Board that the ALJ's interpretation is not the correct one. The ALJ focused on the consecutive number of days Decker reported to the work site. Under the ALJ's interpretation, each day Decker reported to the job site after having an off day would constitute a new term of employment. Under this interpretation, employees performing the type of work identified under the statute would have to work twenty straight days at a time to be eligible for coverage. Missing a single work day would restart the coverage clock. This is neither a fair nor logical interpretation of the statute.

Instead of focusing on the number of days the employee actually reports to the job site, the ALJ should have focused on whether Decker was "employed" to perform "work" for more than twenty consecutive work days. "Work" is defined by the Act as "providing services to another in return for remuneration on a *regular and sustained* basis in a competitive economy." KRS 342.0011(34) (emphasis added). An

"employer" is "[a]ny person, other than one engaged solely in agriculture, that has in this state one (1) or more employees subject to this Chapter." KRS 342.630. From KRS 342.640, we glean that an "employee" is one "in the service of an employer under any contract of hire . . . express or implied" and includes "every person performing service in the course of the trade, business, profession or occupation of an employer at the time of injury." "Basically KRS 342.630 defines an employer as one who has an employee while KRS 352.640 defines an employee as one who works for an employer under a contract of hire." *Wright v. Fardo*, 587 S.W.2d 269, 272 (Ky. App. 1979).

In this case, there was clearly an implied (if not express) agreement in place between Decker and Modern Woodworking that Decker would "provide services to [Modern Woodworking] on a regular and sustained basis" in exchange for remuneration. The fact that there was not always work for Decker to perform every day is not determinative of his employment status. Even though Decker did not report to Modern Woodworking every day, he certainly performed work for Modern Woodworking on a regular basis over a sustained period of time.[2] Additionally, there is no dispute that Decker worked at Modern Woodworking's direction on projects as instructed by it. Modern Woodworking was the employer; Decker was the employee. Likewise, there is no evidence to suggest that Decker and Modern Woodworking negotiated a new "contract of hire" every time Decker reported to Modern Woodworking following an off day.

Based on our review of the relevant statutes, we must agree with the Board with respect to the ALJ's application of KRS 342.650(2) to bar Decker's claim for compensation benefits. Decker was employed by Modern Woodworking well in excess of twenty consecutive work days.

■ We also agree with the Board that the type of work Decker performed for Modern Woodworking also removes him from the reach of KRS 342.650(2)'s exclusion. While Decker testified that he did perform maintenance and repair work when there were no woodworking projects, he was also clear that his employment entailed woodworking, which was what he was doing at the time of his injury. Modern Woodworking's business was refurbishing furniture for customers. When Decker was engaged in that type of work, he was not simply performing "maintenance, repair, remodeling or similar work in or about the premises," he was performing the work of his employer's business. This is a vital distinction. Therefore, even if the twenty-day portion of the exemption applied, the type of work being performed by Decker would remove him from its reach.

### IV. CONCLUSION

For the reasons set forth above, the August 14, 2015, Opinion and Order of the Board is affirmed.

ALL CONCUR.

---

**2.** In this case, a review of the record reveals that neither party denied that an employment relationship began between Decker and Modern Woodworking many years ago. In fact, Decker testified that he began working for Modern Woodworking as early as 1989. Modern Woodworking never disputed Decker's testimony to that fact. Nor did Modern Woodworking indicate it had terminated any employment relationship with Decker prior to his alleged injury.