RENDERED: APRIL 23, 2026
TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0241-WC

KENDRA RUSSELL                                      APPELLANT

                  ON APPEAL FROM COURT OF APPEALS
V.                        NO. 2025-CA-0238
          WORKERS' COMPENSATION BOARD NO. WC-23-00900

INTERNATIONAL AUTOMOTIVE                      APPELLEES
COMPONENTS; HONORABLE
PHILLIPE RICH, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD

**OPINION OF THE COURT BY JUSTICE KELLER**

**<u>AFFIRMING</u>**

Appellant Kendra Russell ("Russell") appeals the Court of Appeals' decision affirming the Workers' Compensation Board's ("Board") Opinion vacating the administrative law judge's ("ALJ") award of the three-multiplier and remanding for additional findings. For the reasons set out below, we affirm the decision of the Court of Appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Russell, a 54-year-old female resident of Madisonville, Kentucky, filed a claim for workers' compensation benefits arising out of her employment with International Automotive Components ("IAC"). Russell was employed by IAC from June of 2002 until June 25, 2021, the date the plant closed. On

September 16, 2023, Russell filed a claim for injury, alleging a June 25, 2021, cumulative trauma injury to multiple body parts — including her cervical spine, lumbar spine, both hands, both knees, and both shoulders — resulting from approximately twenty years of physically demanding and repetitive work for IAC. IAC contested Russell's claim, and her claim went before an ALJ. The issues contested include whether the injury was caused by Russell's employment with IAC and whether Russell was entitled to permanent income benefits per KRS[1] 342.730.

On July 24, 2024, the ALJ rendered an Opinion, Award, and Order. That opinion summarized the conflicting medical evidence presented in reports by Dr. Larry Oteham, Dr. Mitchell Harris, and Dr. Gregory Snider. Dr. Oteham and Russell were also deposed prior to the final hearing, and Russell testified at the final hearing. Dr. Oteham, who had evaluated Russell at the request of Russell's attorney, diagnosed Russell with "lumbar, cervical, bilateral knee, and bilateral shoulder degenerative disease, bilateral hand osteoarthritis and carpal tunnel syndrome." Dr. Oteham attributed 80% of Russell's complaints to her work at IAC. Dr. Harris and Dr. Snider had performed Independent Medical Exams on Russell at IAC's request. Dr. Harris found "no abnormal findings in the cervical spine, mild lumbar pain with slightly decreased motion, a likely right shoulder SLAP tear, mild bilateral patellofemoral knee arthritis, and bilateral carpal tunnel syndrome." Dr. Harris attributed none of Russell's

---

[1] Kentucky Revised Statutes.

diagnoses to her work at IAC and assigned a 0% impairment, opining that her condition was the result of common degenerative changes associated with her age and body mass index. He concluded that he would not recommend physical restrictions for Russell and that further medical treatment was unnecessary. In his report, Dr. Snider noted that at the time Russell was laid off in June of 2021, Russell was working full time without restrictions and was not complaining about any limitations or work-related symptoms pertaining to her back, knees, neck, hands, and shoulders. While Dr. Snider concluded that Russell suffered from knee arthritis and may have shoulder tendinitis, he found no signs that they were symptoms of work-induced cumulative trauma.

Ultimately, the ALJ concluded that "Russell's neck and bilateral shoulder conditions [are] partially attributable to her work with IAC." However, the ALJ concluded that "Russell's low back condition is not traceable to a work-related cumulative trauma," and instead attributed these conditions to her age. As for the permanent partial disability ("PPD") income benefits under KRS 342.730 and KRS 342.732, the ALJ "relie[d] on Dr. Oteham to find Russell retains a 13.6% impairment for her work-related bilateral shoulder and cervical spine condition." After explaining how the ALJ calculated this figure, the ALJ briefly noted that "[b]ased upon the testimony of Dr. Oteham, the ALJ finds Russell lacks the physical capacity to return to her pre-injury work at IAC, and she is

entitled to the 3.2 multiplier contained in KRS 342.730(1)(c)2 [sic]."[2]  The ALJ awarded $186.12 per week in PPD.

IAC filed a petition for reconsideration, arguing that the record did not support the ALJ's award of the three-multiplier.  KRS 342.730(1)(c)1 states, "If, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be multiplied by three (3) times the amount otherwise determined . . . ."  IAC argued that the ALJ's finding that Russell is eligible under that statute was contradicted by Russell's testimony that when she was laid off by IAC, she was working without restrictions and had no plans of quitting.  IAC requested additional findings from the ALJ, including a finding "reconciling how Plaintiff worked without restrictions until she was laid off, at which point she had no plans of quitting, but is now incapable of returning to that job."  IAC also requested the ALJ to clarify those conditions found to be work-related.  The ALJ's order in response clarified that "only Russell's bilateral shoulder and cervical conditions are found to be compensable" but overruled the remainder of the Defendant's petition seeking additional findings and explanation of the basis for the award.

IAC then appealed to the Board, raising two issues: (1) that the ALJ's determination that Russell's neck and shoulder conditions were work-related

---

[2] The Board explained in its Opinion that, "We note the three-multiplier is contained in [KRS] 342.730(1)(c)1, not (1)(c)2 as stated by the ALJ; however, as we are remanding this claim on other grounds, the ALJ may correct any clerical error on remand."

4

was not supported by substantial evidence; and (2) the ALJ abused his discretion by awarding the three-multiplier because the record contained no evidence that Russell was unable to perform her prior job at IAC or was now under any work restrictions.

The Board issued an Opinion Affirming in Part, Vacating in Part, and Remanding. The Board affirmed the ALJ on the issue of work-relatedness of the neck and shoulder injuries but vacated the award of the three-multiplier and remanded to the ALJ for further findings. The Board explained,

> The ALJ is required to recite the specific evidence he relied upon in finding the three-multiplier applicable. A general statement of reliance upon a particular doctor is insufficient, as more detail is required. In his report, Dr. Oteham opined Russell could "continue to perform her work duties in the full-time setting she is currently employed in." Russell was working in a clerical data entry position for a new employer at the time of Dr. Oteham's examination. Dr. Oteham did not mention any specific physical restrictions or whether she could perform her pre-injury work.
>
> The ALJ was charged with analyzing the actual tasks the employee performed prior to the injury and then assessing the limitations and restrictions on her physical activities resulting from the work-related injury. *Voith Industrial Services, Inc. v. Gray*, 516 S.W.3d 817 (Ky. App. 2017). *Miller v. Square D. Co.*, 254 S.W.3d 810, 813–14 (Ky. 2008) stands for the proposition that a worker who can no longer perform all his required job tasks lacks the ability to return to the "type of work performed at the time of injury." Additionally, in *Ford Motor Co. v. Forman*, 142 S.W.3d 141 (Ky. 2004), the Supreme Court held that the type of work performed at time of injury refers to the actual jobs the individual performed. Finally, the evidence is reviewed as of the time of the hearing to determine whether a claimant could perform his pre-injury work. *See Apple Valley Sanitation Inc. v. Stambaugh*, 645 S.W.3d 434, 438–39 (Ky. 2022).
>
> A worker's testimony is competent evidence of his or her physical condition and of their ability to perform various activities both before and after being injured. *Hush v. Abrams*, 584 S.W.2d 48 (Ky. 1979). The ALJ may but is not compelled to rely upon the claimant's self-assessment of their ability to perform their prior

5

work. *Ira A. Watson Department Store v. Hamilton,* [34 S.W.3d 48 (Ky. 2000)].

The Board is not directing a particular result. The ALJ must simply and adequately detail the evidence relied upon in reaching his decision. *Kentland Elkhorn Coal Corporation v. Yates,* 743 S.W.2d 47 (Ky. App. 1988). A party is entitled to know with some specificity the reasons for the award, although certainly the ALJ is not required to engage in a detailed discussion or set forth in minute detail the reasons for reaching a particular result. *Big Sandy Community Action Program v. Chaffins,* 502 S.W.2d 526 (Ky. App. 1973).

We affirm the finding Russell sustained injuries to her neck and shoulders caused by work-related cumulative trauma; however, we must vacate the award of PPD benefits enhanced by the three-multiplier contained in KRS 342.730(1)(c)1 and remand for additional findings consistent with this Opinion.

Russell appealed the Board's Opinion Affirming in Part, Vacating in Part, and Remanding to the Court of Appeals, arguing that the Board's determination to vacate in part and remand was based upon a misunderstanding of the evidence. The Court of Appeals perceived no such error and agreed with the Board's analysis. Accordingly, the Court of Appeals affirmed the Board. This appeal followed.

## II. STANDARD OF REVIEW

"[A]ppellate courts may review the Board's decision to remand to the ALJ for error, taking into consideration, however, the Board's wide discretion to do so." *Tryon Trucking, Inc. v. Medlin,* 586 S.W.3d 233, 238 (Ky. 2019). "[T]he Board should have wide latitude and deference in whether to remand a particular issue to the ALJ for additional findings and analysis . . . ." *Id.* "If the ALJ has made all necessary findings to resolve the issue at hand and the Board has erred in remanding for additional, unneeded findings that would be

6

of no additional value in resolving the issues in the case, if for no other reason than judicial economy alone, that decision, just as any other, is subject to review and reversal by the appellate courts." *Id.* "[W]e assess the Board's decision to remand based upon whether it has 'overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice.'" *Id.* (quoting *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687–88 (Ky. 1992)).

## III. ANALYSIS

On appeal to this Court, Russell argues that the Court of Appeals erred in affirming the decisions of the Board. She likewise alleges that the Board erred as a matter of law in vacating in part and remanding the ALJ's decision by substituting its judgment for that of the ALJ. Specifically, Russell claims the Board erred in vacating the award of PPD benefits enhanced by the three-multiplier and remanding to the ALJ for additional findings. Citing *Whittaker v. Rowland*, 998 S.W.2d 479 (Ky. 1999), Russell argues that "[t]he Board, as an appellate tribunal, may not usurp the ALJ's role as fact-finder by superimposing its own appraisals as to the weight and credibility to be afforded the evidence or by noting reasonable inferences that otherwise could have been drawn from the record."

KRS 342.230(2) defines the duties of a Workers' Compensation administrative law judge as follows:

> [A]dministrative law judges shall conduct hearings, and otherwise supervise the presentation of evidence and perform any other duties assigned to them by statute and shall render final decisions, orders,

7

or awards. Administrative law judges may, in receiving evidence, make rulings affecting the competency, relevancy, and materiality of the evidence about to be presented and upon motions presented during the taking of evidence as will expedite the preparation of the case.

"The ALJ, as the finder of fact, . . . has the sole authority to determine the quality, character, and substance of the evidence." *Square D Co. v. Tipton*, 862 S.W.2d 308, 309 (Ky. 1993). "Where . . . the . . . evidence is conflicting, the question of which evidence to believe is the exclusive province of the ALJ." *Id.* "When one of two reasonable inferences may be drawn from the evidence, the finders of fact may choose." *Jackson v. Gen. Refractories Co.*, 581 S.W.2d 10, 11 (Ky. 1979) (citing *Blair Fork Coal Co. v. Blankenship*, 416 S.W.2d 716, 718 (Ky. 1967)).

Although the ALJ is tasked with fact-finding, its findings are not review-proof. KRS 342.285 grants the Board the authority to review the ALJ's order or award on appeal:

> (1) **An award or order of the administrative law judge** as provided in KRS 342.275, **if petition for reconsideration is not filed** as provided for in KRS 342.281, **shall be conclusive and binding as to all questions of fact**, but either party may in accordance with administrative regulations promulgated by the commissioner appeal to the Workers' Compensation Board for the review of the order or award.
> (2) No new or additional evidence may be introduced before the board except as to the fraud or misconduct of some person engaged in the administration of this chapter and affecting the order, ruling, or award, but the board shall otherwise hear the appeal upon the record as certified by the administrative law judge and shall dispose of the appeal in summary manner. **The board shall not substitute its judgment for that of the administrative law judge as to the weight of evidence on questions of fact, its review being limited to determining whether or not**:
>> (a) The administrative law judge acted without or in excess of his powers;

8

> (b) The order, decision, or award was procured by fraud;
> (c) The order, decision, or award is not in conformity to the provisions of this chapter;
> **(d) The order, decision, or award is clearly erroneous on the basis of the reliable, probative, and material evidence contained in the whole record**; or
> **(e) The order, decision, or award is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion**.

(emphasis added). The emphasized portions together indicate that when a petition for reconsideration of the ALJ's order or award is filed, the Board may review that order or award to determine whether the material evidence in the whole record renders it clearly erroneous, arbitrary, capricious, an abuse of discretion, or clearly unwarranted. Because IAC filed a petition for reconsideration, the Board was entitled to review the ALJ's award of PPD benefits enhanced by the three-multiplier for clear error, arbitrariness, capriciousness, abuse of discretion, and to determine whether the award was clearly unwarranted.

KRS 342.730(1)(c)1 requires that, before a claimant be awarded the three-multiplier, he or she must be physically incapable of returning to the type of work that the employee performed at the time of the injury. Here, the ALJ found that, "[b]ased upon the testimony of Dr. Oteham, the ALJ finds Russell lacks the physical capacity to return to her pre-injury work at IAC, and she is entitled to the 3.2 multiplier contained in KRS 342.730(1)(c)2." *See* fn. 2. As the Board pointed out in its Opinion Vacating in Part, the flaw with the ALJ's analysis is that

> [i]n his report, Dr. Oteham opined Russell could "continue to perform her work duties in the full-time setting she is currently

9

employed in." Russell was working in a clerical data entry position for a new employer at the time of Dr. Oteham's examination. Dr. Oteham did not mention any specific physical restrictions or whether she could perform her pre-injury work.

Without more, it is difficult to follow the logical leap the ALJ made from Dr. Oteham's opinion that Russell is able to continue performing her current clerical position to the ALJ's conclusion that Russell *cannot* perform her prior tasks at IAC. While it is true that the ALJ is the sole fact-finder in proceedings in workers' compensation claims, and the Board may not substitute its own assessment of the weight and credibility of the evidence in the record for that of the ALJ's, the ALJ must still have a reasonable basis for its factual conclusions. As it stands, without greater support from the record, the ALJ's findings here suffer from a dearth of evidence and are therefore clearly erroneous, and the award of the three-multiplier was an abuse of discretion. Because of this, we cannot find that it was error for the Board to remand to the ALJ with instructions to "simply and adequately detail the evidence relied upon in reaching his decision."

### IV. CONCLUSION

Based on the foregoing, we affirm the Court of Appeals' decision affirming the Workers' Compensation Board's Opinion vacating the administrative law judge's award of the three-multiplier and remanding for additional findings.

All sitting. Bisig, Conley, Goodwine, and Nickell, JJ., concur. Thompson, J., concurs in result only. Lambert, C.J., dissents.

10

COUNSEL FOR APPELLANT, KENDRA RUSSELL:

McKinnley Morgan
Morgan, Collins, Yeast & Salyer

COUNSEL FOR APPELLEE, INTERNATIONAL AUTOMOTIVE
COMPONENTS:

Donnie J. Niehaus
Walton Niehaus Law, PLLC

ADMINISTRATIVE LAW JUDGE:

Hon. Phillipe Rich

WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey, Chairman