**TRI–GEM COAL COMPANY, Appellant,**

v.

**Samuel M. WHITAKER; Workmen's Compensation Board, Commonwealth of Kentucky; Frances Jones Mills, State Treasurer and Custodian of the Uninsured Employers' Fund, Appellees.**

Court of Appeals of Kentucky.

Nov. 4, 1983.

Case Ordered Published By Court of Appeals Dec. 23, 1983.

William L. Rose, Williamsburg and Robert P. Hammons, Corbin, for appellant.

John E. Anderson, Cole, Cole & Anderson, Barbourville and Dana C. Stinson, Frankfort, for appellees.

Before HOWARD, HOWERTON and DUNN, JJ.

DUNN, Judge.

This appeal is from the Whitley Circuit Court Judgment affirming the Opinion and Award of the Workers' Compensation Board finding that the claimant, Samuel Whitaker, appellee, did not voluntarily reject coverage of the Workers' Compensation Act, and that the employer and employee were operating under the provisions of the Act. The Board awarded Whitaker recovery from the appellant, Tri-Gem Coal Company, and the Special Fund based on a finding of 50% occupational disability.

Whitaker began working for Tri-Gem in April, 1977. On the day he was to start work, he signed Form 4, issued by the Workers' Compensation Board, rejecting coverage of the Workers' Compensation Act. Tri-Gem had incorrectly completed this form, and on June 20, 1977, Whitaker signed a second, correctly completed form. Whitaker testified that he read and understood the form and was aware that he was rejecting workers' compensation coverage. He also testified that he understood accident coverage would be provided by Great Fidelity Insurance Company.

On August 11, 1977, Whitaker sustained an injury to his left eye while at work. This injury left him almost sightless in his left eye. He recovered in excess of $20,000.00 under the accident insurance policy provided by Great Fidelity Insurance Company. On November 3, 1977, he filed a claim with the Workers' Compensation

Board which found that he had not voluntarily rejected workers' compensation coverage and awarded benefits to him based on a 50% occupational disability.

Appellant company approaches from various points of view its dilemma caused by the award, however, the primary issue on appeal is whether or not Whitaker voluntarily rejected coverage within the meaning of KRS 342.395, which provides for rejection of the provisions of the Act. If he did not do so, he is entitled to benefits payable under the Act. If default in the payment of compensation to him should result due to the company's failure to secure payment of such compensation, he is entitled to benefits payable from the Uninsured Employers' Fund provided for in KRS 342.760.

Whitaker testified that signing the rejection form was a prerequisite to employment with Tri-Gem. Several employees testified to the same effect. However, there is also testimony from other employees that either a representative from the insurance company or a supervisor for Tri-Gem presented information comparing benefits under the Great Fidelity policy to benefits under the Act. They were to choose between the two coverages. They testified that they, as a group, chose the Great Fidelity plan because the benefits were better than those under the Act. The Tri-Gem supervisor testified that he told Whitaker that if he did not sign the rejection form, no insurance coverage would be available to him.

The Board specifically found that the rejection was not voluntary. KRS 342.395 provides, in part:

Employe deemed to have accepted provisions of chapter—Employe's written notice of rejection—Withdrawal of election. —Where an employer is subject to this chapter, then every employe of such employer, as a part of his contract of hiring or who may be employed at the time of the acceptance of the provisions of this chapter by such employer shall be deemed to have accepted all the provisions of this chapter and shall be bound thereby *unless he shall have filed, prior to the injury or incurrence of occupational disease, writ-* *ten notice to the contrary with the employer;* and such acceptance shall include all of the provisions of this chapter with respect to traumatic personal injury, silicosis and any other occupational disease. *However, before an employe's written notice of rejection shall be considered effective, the employer must file the employe's notice of rejection with the workers' compensation board. The workers' compensation board shall not give effect to any rejection of this chapter not voluntarily made by the employe.* If an employe withdraws his rejection, the employer shall notify the workers' compensation board. (Emphasis added).

We disagree with Tri-Gem's argument that the Board and the Whitley Circuit Court erred in failing to find that Whitaker had voluntarily rejected the Workers' Compensation Act. On appeal, the question is whether there is substantial evidence to support the decision of the Board. KRS 342.285(3). The evidence as a whole is of sufficient quality and quantity to support the decision of the Board that Whitaker's rejection was not voluntary.

There is no authority, statutory or otherwise, providing guidelines to determine whether a rejection is voluntarily made. The Board relied on an opinion by the Attorney General, OAG 77-527, which concluded that it would be highly unusual for every employee to reject the Act, and that such a situation could indicate that employment was conditioned upon rejection. Obviously this type rejection would not be a voluntary one as contemplated by the statute.

The Board concluded that, here, Tri-Gem's employees, having to reject the Act in order to have a job, did not do so voluntarily. Consequently, it further concluded that Tri-Gem and Whitaker were both operating under the Act. In so doing, it awarded him compensation and it further provided that, upon a return being made that no property belonging to Tri-Gem could be found sufficient to pay the award, the Uninsured Employers' Fund would be liable for it. Such provision is provided in KRS

342.760(4). We agree with the Board in its conclusion.

Finally, we disagree with the additional arguments advanced by Tri-Gem that KRS 342.395 is void for vagueness and, hence, violative of the Due Process Clause of the 14th Amendment; and that, if the voluntary requirement of rejection is negated by the fact that all employment by Tri-Gem was conditioned upon rejection of the Act, this statute is unconstitutional as being violative of § 19 of the Kentucky Constitution prohibiting laws impairing the obligations of contracts. While there is no set standard under the statute defining what would constitute a voluntary rejection, this does not render the statute void for vagueness. Requiring a rejection of the Act to be voluntary does not impair an obligation of a contract since *all* contracts must be entered voluntarily to be binding.

The Judgment of the Whitley Circuit Court affirming the award of the Workers' Compensation Board is AFFIRMED.

All concur.