**KARST ROBBINS MACHINE SHOP, INC., Appellant,**

v.

**William CAUDILL; Karst Robbins Coal Company, Inc.; Carol M. Palmore, Secretary of Labor Cabinet (Special Fund); Uninsured Employers' Fund; and Workers' Compensation Board, Appellees.**

**KARST ROBBINS COAL COMPANY, INC., Appellant,**

v.

**William CAUDILL; Karst Robbins Machine Shop, Inc.; Carol M. Palmore, Secretary of Labor Cabinet (Special Fund); Uninsured Employers' Fund; and Workers' Compensation Board, Appellees.**

**William CAUDILL, Appellant,**

v.

**KARST ROBBINS MACHINE SHOP, INC.; Karst Robbins Coal Company, Inc.; Carol M. Palmore, Secretary of Labor Cabinet (Special Fund); Uninsured Employers' Fund; and Workers' Compensation Board, Appellees.**

Nos. 88–SC–808–DG, 88–SC–821–DG and 89–SC–062–DG.

Supreme Court of Kentucky.

Nov. 9, 1989.

William G. Francis, Francis, Kazee and Francis, Prestonsburg, for Karst Robbins Coal Co., Inc.

William A. Rice, Rice, Huff & Hendrickson, Harlan, for Karst Robbins Mach. Shop, Inc.

Dennis Nagle, Cole, Cole & Anderson, PSC, Barbourville, for William Caudill.

Denis S. Kline, Louisville, for Labor Cabinet (Special Fund).

Frederic J. Cowan, Atty. Gen., Donald Roney, Asst. Atty. Gen., Frankfort, for Uninsured Employers' Fund.

COMBS, Justice.

The issue in these cases is whether the claimant, William Caudill, had voluntarily rejected the provisions of the act pursuant to KRS 342.395. That Caudill, under no coercion, did sign the Form 4 notice of rejection was not disputed; but the evidence conflicted as to whether this employee, possessed of "extremely limited literary skills," executed the document with an informed understanding of its import sufficient to render his rejection truly voluntary.

Finding the notice of rejection to be "effective according to its terms," and that the claimant had "validly rejected" the act, the Workers' Compensation Board dismissed the claim, reasoning that:

> Essentially, the Plaintiff states that he didn't know what he was signing because he could not read. We understand that the Plaintiff has extremely limited ability to read and write. Nevertheless, there comes a time when every person must be held accountable for his or her own actions, and we can conceive of no compelling reason to invalidate the Notice of Rejection in this instance.

The Board's order was affirmed by the Harlan Circuit Court. The Court of Appeals reversed, holding in effect that the findings of the Board do not sufficiently resolve the factual issue of whether the rejection (as opposed to the signature) was indeed voluntary. Considering the express statutory mandate of KRS 342.395 that the rejection must be voluntarily made, and the public and legislative policy made manifest by way of this statute and the act in general, the Court of Appeals ruled that the presumption of accountability attaching to one's signature may be overcome by convincing proof of illiteracy and a lack of knowledge regarding the document being signed. The matter was ordered remanded for resolution of the issue. We granted discretionary review, in consolidation, on the motions of Karst–Robbins Machine Shop, Inc. (No. 88–SC–808–DG), and Karst–Robbins Coal Company, Inc. (No. 88–SC–821–DG), and the cross-motion of William Caudill (No. 89–SC–062–DG).

The essence of Karst–Robbins' argument, which is also advanced by the appellees Special Fund and Uninsured Employers' Fund, is that the findings of the Board amount to at least an implicit determination that the rejection was voluntary, and that since such a finding is supported by substantial evidence of record, the Court of Appeals ventured beyond the proper scope of review to substitute its own judgment for that of the Board. We cannot agree.

We may note initially that this issue was earnestly contested before the Board and was preeminently crucial to the outcome, making a clear and express finding all the more desirable. Cf. Shields v. Pittsburg & Midway Coal Mining Co., Ky.App., 634 S.W.2d 440 (1982); KRS 342.275. Moreover, even assuming such a finding to have been rendered, we agree with the Court of Appeals that the standard by which the Board seems to have arrived at its conclusion, the ordinary standard of accountability for signed instruments, must be modified in application to cases such as this, due to the affirmative language of KRS 342.395 and to its underlying policy. It is not dispositive, in our view, to decide that the *signature* was freely given; the stat-

ute requires that *rejection* of the act be voluntary. Like the Court of Appeals, we believe that among the elements of a voluntary rejection, as contemplated by the legislature, is a substantial understanding of the nature of the action and its consequences.

Caudill contends that the Board, in dismissing his claim, gave undue consideration to the fact that he has received some compensation for his injuries through an alternative disability insurance policy maintained by the employer. While evidence of the existence, terms, and presentation of this policy is at least tangentially relevant to the circumstances surrounding the disputed rejection, we trust that the Board was and is aware that such evidence does not go to the heart of the issue outstanding, and ought not to be accorded inordinate weight.

The opinion of the Court of Appeals rendered on July 29, 1988, is affirmed.

STEPHENS, C.J., and LAMBERT and LEIBSON, JJ., concur.

VANCE, J., files a separate concurring opinion in which GANT and WINTERSHEIMER, JJ., join.

VANCE, Justice, concurring.

I concur in the result. I agree that an employee's signature on a notice or rejection of workers' compensation, while entitled to great weight, is not conclusive of the issue of whether his rejection of the coverage was voluntary.

Unless an employee can prove that his signature on a rejection notice was procured by fraud or coercion or that he did not know the document was a rejection of compensation coverages, his signature should be conclusive of the matter. If he signed the document without fraud or coercion and understood that by so signing he was rejecting workers' compensation, his rejection should be fully enforced even though he may not have known or understood the consequences of his action. Although the Board found that the signature in this case was not induced by fraud or coercion, there was no finding as to wheth-

er the employee knew that the document which he signed was a rejection of workers' compensation. We are asked, in the employer's brief, to hold that such a finding was implicit in the disposition of the case. I much prefer express rather than implicit findings.

GANT and WINTERSHEIMER, JJ, join in this concurring opinion.