Hubert WATTS, Appellant,

v.

Vicki G. NEWBERG, Acting Director of Special Fund; Benco Mining, Inc.; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 95–SC–651–WC.

Supreme Court of Kentucky.

April 25, 1996.

Thomas W. Moak, Stumbo, Bowling & Barber, P.L.L.C., Prestonsburg, for Appellant.

David Randall Allen, Louisville, for Appellee Newberg.

Charles E. Allen, Hazard, for Appellee Benco Mining, Inc.

## OPINION OF THE COURT

This matter is before the Court on appeal from an opinion of the Court of Appeals reversing the Workers' Compensation Board (Board). The Board reversed the Administrative Law Judge (ALJ) who had dismissed the claim, finding that claimant's rejection of workers' compensation coverage was voluntary.

The issue on appeal centers around the question of whether claimant knowingly and voluntarily executed a rejection of workers' compensation coverage. KRS 342.395.

Due to financial difficulties, in December of 1987, the employer gave claimant and fellow employees of Benco Mining, Inc., the choice of remaining on the employer's workers' compensation coverage with a 20 percent reduction in wages or rejecting the provisions of the Workers' Compensation Act and accepting a new employer-provided benefit package with no decrease in wages. The meeting with the employees resulted in the wholesale signing of rejection notices by the employees.

Subsequently, claimant filed this workers' compensation claim to recover disability benefits for impairment he incurred as a result of an alleged work-related injury occurring on February 16, 1988. The employer raised the defense that claimant had executed and filed a written notice of rejection and was,

therefore, specifically excluded from the employer's policy of workers' compensation insurance. Claimant responded by arguing that his written rejection was not voluntary, and, therefore, does not constitute a valid rejection.

The testimony presented by claimant before the ALJ was that he understood that the insurance offered as a substitute for workers' compensation coverage was promoted as being just as good as workers' compensation coverage, although, in reality, the new policy did not provide for any benefits for partial disability. This being the case, claimant contended that he would not have knowingly waived his right to recover for permanent partial disability in lieu of a policy providing only for benefits for total disability. In addition, he argued that the employer did not set forth the differences between workers' compensation coverage and the proposed disability coverage so as to allow him to gain a substantial understanding of the consequences of signing the rejection. The employer attempted to refute claimant's allegations by presenting the testimony of Mr. Buchanan, president of the coal company, and Mr. Spencer, claimant's superintendent, regarding the manner of presentation of the option to the employees at the December 1987 meeting.

After the presentation of the evidence, the ALJ dismissed the case finding that plaintiff's rejection was "voluntary and freely entered into after considering the options available to him and was not the result of any coercion on the part of the defendant-employer." In so ruling, the ALJ stated:

> 6. At the December, 1987 meeting, none of the employees were threatened with loss of their job if they failed to reject workers' compensation coverage and it was solely the option of the employee whether to remain under workers' compensation coverage with the 20% reduction in salary or to opt for the new benefit package with no reduction in wages. Plaintiff elected to reject the provisions of the Act in favor of the new insurance program and executed a Form No. 4 on December 10, 1987.

The Board, citing the case of *Karst Robbins Machine Shop, Inc. v. Caudill,* Ky., 779 S.W.2d 207 (1989), reversed the ALJ stating:

> We believe that the option presented to Watts of rejecting coverage under the Kentucky workers' compensation laws or taking a 20 percent cut in pay is both coercive and against public policy. Furthermore, the strategy herein was an attempt to circumvent the law to the effect that Watts and other employees for Benco, if they chose to remain covered under workers' compensation, would be required to pay part of the premium costs for workers' compensation insurance. This strategy is likewise violative of KRS 342.340 which requires the employer alone to keep insured his liability for compensation. For these reasons, we conclude that the workers' compensation Form 4, Employee's Written Notice of Rejection was not voluntarily executed.

In a 2–1 decision, the Court of Appeals reversed the Board. In doing so, the court found that the Board erred in substituting its judgment for that of the ALJ as the evidence presented supported the conclusion that the employer had not coerced claimant into signing the rejection, but that claimant had voluntarily executed the rejection. Specifically, the court stated:

> Watts made a fully informed and conscious choice of the options available. He was literate and obviously fully capable of understanding his choice and its consequences. He freely chose the option he believed most beneficial to him, and though not now in his best financial interest, he must bear its consequences.

Believing the situation was coercive in nature, the dissent took the same view as the Board and stated: "requiring an employee to take a cut in pay to keep workers' compensation benefits or reject the benefits to keep the same wages is not a substantive or meaningful choice such that the rejection was voluntary."

Claimant contends that he did not knowingly and intelligently waive his right to coverage under the Workers' Compensation Act; whereas, the employer alleges that claimant did freely and voluntarily reject the

provisions of the Act, pursuant to KRS 342.395. Moreover, claimant argues that as KRS 342.340 mandates that the employer bear the responsibility for paying workers' compensation insurance coverage, an employer cannot offer an alternative that, in effect, requires the employees to pay for their own coverage.

We do not agree with the Court of Appeals that the Board erred in substituting its judgment for that of the ALJ, as the facts presented by this case do not support the ALJ's conclusion that claimant's rejection was voluntary. We do agree with the Board's view and hold that the choice presented to claimant of rejecting coverage under Kentucky's worker's compensation laws or taking a 20 percent cut in pay was both inherently coercive and against public policy. Requiring a worker to choose whether to take a cut in pay and keep workers' compensation benefits or choose to reject statutory coverage and substitute lesser benefits in order to keep the same wages is not a substantial or meaningful choice, so that such rejection can be considered voluntary. *Cf. Tri–Gem Coal Co. v. Whitaker,* Ky.App., 661 S.W.2d 785 (1983).

 KRS 342.395 and *Karst Robbins, supra,* provide that for a rejection to be voluntary, a worker must have a substantial understanding of the nature of the action and its consequences. The evidence in this case shows that claimant did not have a substantial understanding of the effect of his rejection, as he understood that the substitute coverage offered by the employer was just as good as coverage under the Workers' Compensation Act. Moreover, as KRS 342.340 mandates that the employer bear the responsibility for paying for workers' compensation insurance coverage, the plan offered by the employer herein is violative of such requirement. The choice given to claimant of taking a 20 percent reduction in wages in exchange for workers' compensation coverage, had the effect of requiring him to pay part of the costs for his own coverage. Such scheme violates KRS 342.340. *Tri–Gem, supra.*

Accordingly, the opinion of the Court of Appeals is reversed and the decision of the Board is reinstated.

GRAVES, KING, LAMBERT, STUMBO, and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents without opinion.

BAKER, J., not sitting.