Dwayne ADKINS, Appellant,

v.

PIKE COUNTY BOARD OF EDUCATION and Hon. James L. Kerr, Administrative Law Judge and Kentucky Workers' Compensation Board, Appellees.

No. 2004–CA–000085–WC.

Court of Appeals of Kentucky.

July 30, 2004.

---

Michael Fleet Johnson, Pikeville, KY, for appellant.

Gregory L. Little, Lexington, KY, for appellees.

Before BUCKINGHAM, JOHNSON, and KNOPF, Judges.

## OPINION

BUCKINGHAM, Judge.

Dwayne Adkins petitions for our review of an opinion of the Workers' Compensation Board affirming in part, reversing in part, and remanding an opinion and award by an administrative law judge (ALJ). This case involves the applicability of the 3 multiplier provision in KRS[1] 342.730(1)(c)1. We affirm in part, reverse in part, and remand.

Adkins was a lead mechanic hired to repair and maintain buses for the Pike County school system. His duties included heavy lifting up to 150 pounds. Adkins sustained two work injuries in the course of his employment with Pike County. First, on April 3, 2001, he injured his back while installing a 75–pound brake drum on a maintenance vehicle. The second injury occurred on December 3, 2001, when he was changing a bus tire that weighed 150 pounds. He underwent surgery on January 31, 2002, for a herniated disc.

When Adkins returned to work on April 1, 2002, he was placed in the parts department where his duties included stocking, ordering, and conducting inventory. He testified that he no longer had to perform heavy lifting, bending, or tugging. When heavy lifting is required, he requests help from a mechanic. Adkins also testified that he returned to work at the same rate of wages that he had when he was injured.

Adkins' present work is done primarily by computer, and he is able to sit and stand at will. He admitted that he is now earning more money than he was at the time of his injuries. However, he testified that he is hired on a year-to-year basis.

An ALJ awarded Adkins permanent partial disability benefits based on an 11% permanent impairment rating by Adkins' treating physician, Dr. Henry Tutt. Further, the ALJ determined that Adkins did not retain the physical capacity to return to the type of work performed at the time of the injury. The ALJ awarded benefits based on the 3 multiplier allowed in KRS

1. Kentucky Revised Statutes.

342.730(1)(c)1. The ALJ explained as follows:

> The plaintiff [Adkins] described the need to lift up to 150 pounds in his job as a mechanic for the defendant-employer [Pike County] but stated that he now works in the parts department doing only light work. This seems reasonable to the undersigned given plaintiff's surgery and is supported by the medical opinion of Dr. Rapier. Wherefore, the 3 multiplier shall be applied to plaintiff's claim.

ALJ Opinion and Award, page 5. Pike County's appeal to the Workers' Compensation Board followed.

Citing *Fawbush v. Gwinn*, Ky., 103 S.W.3d 5 (2003), the Board resolved the issue in the following manner:

> The issue is whether he will be capable of performing the job duties in the parts department for the indefinite future. As pointed out by Pike County, Kentucky is an at-will employment state and neither this Board nor the ALJ can predict whether anyone will maintain future employment or job opportunities within their present physical/medical restrictions. This matter must be remanded to the ALJ for a determination under the standard enunciated in *Fawbush*, as to whether Adkins can continue to perform his current job for the indefinite future without regard to whether that particular job will continue indefinitely.

Board's Opinion, page 11.

The applicable statutory provisions state as follows:

> (c)1. If, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be multiplied by three (3) times the amount otherwise determined under paragraph (b) of this subsection, but this provision shall not be construed so as to extend the duration of payments; or
>
> 2. If an employee returns to work at a weekly wage equal to or greater than the average weekly wage at the time of injury, the weekly benefit for permanent partial disability shall be determined under paragraph (b) of this subsection for each week during which that employment is sustained. During any period of cessation of that employment, temporary or permanent, for any reason, with or without cause, payment of weekly benefits for permanent partial disability during the period of cessation shall be two (2) times the amount otherwise payable under paragraph (b) of this subsection. This provision shall not be construed so as to extend the duration of payments.

KRS 342.730(1)(c)1 and 2.

In the *Fawbush* case the Kentucky Supreme Court stated:

> [A]n ALJ is authorized to determine which provision [ (c)1 or (c)2] is more appropriate on the facts. If the evidence indicates that a worker is unlikely to be able to continue earning a wage that equals or exceeds the wage at the time of injury for the indefinite future, the application of paragraph (c)1 is appropriate.

*Id.* at 12. *See also Kentucky River Enterprises, Inc. v. Elkins*, Ky., 107 S.W.3d 206 (2003), wherein the supreme court further explained that in the *Fawbush* case it determined that where the evidence would support applying both (c)1 and (c)2, the ALJ is authorized to determine which provision is more appropriate. *Id.* at 211. The court further noted that it explained in the *Fawbush* case that "the application of paragraph (c)1 is appropriate if the evidence indicates that the worker is un-

likely to be able to continue earning a wage that equals or exceeds the wage at the time of the injury for the indefinite future." *Elkins,* 107 S.W.3d at 211.

In the case *sub judice* the facts as determined by the ALJ are that Adkins does not retain the physical capacity to return to the type of work that he performed at the time of his injury. Also, it is undisputed that Adkins is now working at a weekly wage greater than the average weekly wage he was earning at that time. However, the ALJ did not further determine whether Adkins was likely to be able to continue earning a wage that equals or exceeds the wage at the time of his injuries for the indefinite future. That determination is required by the *Fawbush* case. The Board in this case, while it was correct in remanding the case for a further finding, incorrectly stated that upon remand the ALJ was to determine whether Adkins could continue to perform his current job as opposed to whether he could continue to earn a wage that equals or exceeds his pre-injury wages.

These two determinations, though ostensibly equivalent in this case, are quite different in their long-term ramifications. Between two similarly situated claimants not returning to the same type of work, if one gets a job fitting his restrictions and paying the same wage, but unexpectedly ending after only a year, and the other does not, then it is likely that, under a determination such as that ordered by the Board, only the second would receive benefits based on a multiplier of three. If, however, the ALJ makes a determination under the *Fawbush* standard as to the "permanent alteration in the claimant's ability to earn money due to his injury," then it is likely both claimants would be treated the same.

If every claimant's current job was certain to continue until retirement and to remain at the same or greater wage, then determining that a claimant could continue to perform that current job would be the same as determining that he could continue to earn a wage that equals or exceeds his pre-injury wages. However, jobs in Kentucky, an employment-at-will state, can and do discontinue at times for various reasons, and wages may or may not remain the same upon the acquisition of a new job. Thus, in determining whether a claimant can continue to earn an equal or greater wage, the ALJ must consider a broad range of factors, only one of which is the ability to perform the current job. Therefore, we remand this case to the ALJ for a finding of fact as to Adkins' ability to earn a wage that equals or exceeds his wage at the time of the injury for the indefinite future. If it is unlikely that Adkins is able to earn such a wage indefinitely, then application of Section c(1) is appropriate.

Adkins further took exception to the inclusion in the Board's opinion of the language "without regard to whether that particular job will continue indefinitely." Because this language modified the erroneous standard enunciated by the Board, which has now been corrected by this court, it is moot. As such, we will not address it here.

The opinion of the Board is affirmed in part, reversed in part, and remanded to the ALJ for determination in accordance with this opinion.

ALL CONCUR.