# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: JUNE 11, 2015
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-00476-WC

PENNY BERRY                                                                 APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                           CASE NO. 2013-CA-002093-WC
WORKERS' COMPENSATION NO. 12-83372

CEDAR LAKE PARK PLACE;
HONORABLE WILLIAM J. RUDLOFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                  APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Penny Berry, argues in this appeal that the Workers' Compensation Board ("Board") erred by reversing the portion of the Administrative Law Judge's ("ALJ") opinion, order, and award which applied the three multiplier to her permanent partial disability ("PPD") benefits pursuant to KRS 342.730(1)(c)1. Alternatively, Berry argues the Board should have remanded her claim for a determination of whether the two multiplier was appropriate to apply pursuant to KRS 342.730(1)(c)2. For the below stated reasons, we affirm.

Berry began working as a registered nurse for Cedar Lake Park Place in September 2010.[1] During the course of her employment there, Berry developed breathing and lung problems. She sought medical treatment and was diagnosed with work-related asthma attributable to mold which was found at Cedar Lake's facility. Berry took a four month break from working at Cedar Lake. She attempted to return to work there, but Berry's symptoms worsened and she was forced to quit. Her last day of employment at Cedar Lake was October 26, 2012. Berry filed a claim for workers' compensation based on pulmonary symptoms associated with sick building syndrome.

Dr. Rodrigo Cavallazzi was named university evaluator for Berry's claim. He performed a physical examination on Berry and diagnosed her with work-related asthma. Dr. Cavallazzi linked the asthma to the mold located in Cedar Lake's facility. Using the AMA *Guides*, Dr. Cavallazzi assigned Berry a whole body impairment rating of 10-25%. He also found Berry retained the physical capacity to return to employment as a nurse as long as she avoided buildings with mold infiltration and other allergens. Consistent with Dr. Cavallazzi's opinion, Berry testified that she believed she retained the capacity to work as a nurse.

Cedar Lake filed the report of Dr. Bruce Broudy. He found Berry had normal lung function and assigned her an impairment rating of 0% under the AMA *Guides*.

---

[1] Berry also maintained concurrent employment as an administrative assistant with a different employer.

After a review of the evidence, the ALJ issued an opinion, order, and award granting Berry temporary total disability ("TTD") benefits and PPD benefits. The ALJ performed a *Fawbush v. Gwinn*, 103 S.W.3d 5 (Ky. 2003) analysis. A *Fawbush* analysis determines which one of the multipliers in KRS 342.730(1)(c) should be applied to a claimant's award when the record indicates that either of the multipliers is potentially applicable. *Id.* at 12. The ALJ found:

> I have just read the Opinion of the Workers' Compensation Board in Claim No. 2011-01390, *Tamara Daniel, Petitioner vs. Ford Motor Company and Hon. Grant S. Roark, Administrative Law Judge, Respondents*, which [sic] Opinion is dated June 6, 2013. The Opinion was written by Chairman Alvey. The Opinion notes that the *Fawbush* analysis requires that first the Judge must determine, based on substantial evidence, that the plaintiff cannot return to the type of work performed at the time of the injury in accordance with KRS 342.730(1)(c)1; second, that the plaintiff has returned to work at an average weekly wage equal to or greater than his pre-injury average weekly wage in accordance with KRS 342.730(1)(c)2; and third, whether the plaintiff can continue to earn that level of wages into the indefinite future. . . .
> Based upon the plaintiff's sworn testimony in the case at bar, which I found to be very persuasive and convincing, and the persuasive medical report from Dr. Cavallazzi, the university evaluator, which I found to be credible and convincing and which is entitled to presumptive weight . . . I make the factual determination that the plaintiff can return to the type of work which she performed at the time of her occupational disease and injury in accordance with KRS 342.730(1)(c)1. In addition, I make the factual determination that the plaintiff has not returned to work as a nurse earning the same or greater average weekly wage than she earned at the time of occupational disease and injury per KRS 342.730(1)(c)2. I also have to make the determination whether the plaintiff is likely or unlikely to be able to continue earning the wage that equals or exceeds the wage at the time of her occupational disease or injury for the indefinite future. Based upon the plaintiff's sworn testimony and the persuasive medical report from Dr. Cavallazzi, I make the further factual determination that under the decision of the Court of Appeals of

3

Kentucky in *Adkins v. Pike County Board of Education*, 141 S.W.3d 387 (Ky. App. 2004), the *Fawbush* analysis includes a broad range of factors, only one of which is the plaintiff's ability to perform her current job. Under the *Adkins* case the standard for the decision is whether the plaintiff's occupational disease or injuries have permanently altered her ability to earn an income and whether the application of KRS 342.730(1)(c)1 is appropriate. I make the factual determination under the plaintiff's testimony and the medical report from Dr. Cavallazzi that it is unlikely that the plaintiff will be able to continue for the indefinite future to do work from which to earn such a wage. Based upon all of the above-cited evidence, I make the factual determination that the third prong of the *Fawbush* analysis applies here and that the plaintiff's injuries and occupational disease have permanently altered her ability to earn an income and that she is unlikely to be able to continue for the indefinite future to do work from which to earn such a wage. I, therefore, make the factual determination that the third prong of the *Fawbush* analysis applies here and that under that application the plaintiff is entitled to the 3 multiplier.

Berry and Cedar Lake filed petitions for reconsideration. Berry's petition did not request review of the ALJ's finding that she had not returned to work at an average weekly wage equal to or greater than her pre-injury average weekly wage. But, her petition did make the following specific request:

> The [ALJ's] Opinion may contain a typographical error. At page 10, the [ALJ] found that 'the Plaintiff can return to the type of work which she performed at the time of her occupational disease and injury in accordance with KRS 342.730(1)(c)1.' Counsel believes that this is a typographical error and the [ALJ] meant that the Plaintiff 'cannot' return to the type of work which she performed at the time. The ALJ relied on Dr. Cavallazzi who felt that she could return to the type of work that she performed at the time of her occupational disease and injury unless it involved exposure to mold. The Claimant's employment with the Defendant/employer did involve exposure to mold and in fact that was the reason she developed the work-related asthma. Accordingly, this affiant would ask that the Award be amended at page 10 to change the word 'can' to 'cannot' to correct this typographical error.

4

The ALJ denied this request as well as the petitions for reconsideration. Cedar Lake appealed to the Board.

The Board affirmed in part and reversed in part the ALJ's opinion, order, and award. The Board affirmed the portion of the award which held that Berry was entitled to certain TTD benefits. However, the Board reversed the portion of the award granting Berry PPD benefits enhanced by the three multiplier. The Board found application of the three multiplier was erroneous and that a *Fawbush* analysis was unnecessary because the ALJ made findings indicating neither of the multipliers was applicable. The ALJ found that Berry could return to "the type of work which she performed at the time of her occupational disease and injury in accordance with KRS 342.730(1)(c)1" and that she "has not returned to work as a nurse earning the same or greater average weekly wage than she earned at the time of [sic] occupational disease and injury per KRS 342.730(1)(c)2." Thus, the Board remanded the matter to the ALJ to enter an award without application of the multipliers. The Court of Appeals affirmed and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review

by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." Keeping these standards in mind, we affirm the Court of Appeals.

Berry argues that the Board erred by reversing the application of the three multiplier to her PPD award. Berry contends that while Dr. Cavallazzi's university evaluation stated she could return to work as a nurse, she could only do so as long as she was not exposed to mold. Effectively Berry argues that she is eligible for the three multiplier because of her inability to work as a nurse at Cedar Lake due to the mold in its facility. We disagree.

As stated above, to be eligible for the three multiplier, the claimant must not retain the physical capacity to perform the type of work she performed at the time of her occupational disease and injury. KRS 342.730(1)(c)1. The three multiplier can be awarded if the claimant cannot physically complete all the individual tasks required as a part of the job performed when the work-related occupational disease and injury occurred. *Ford Motor Co. v. Forman*, 142 S.W.3d 141 (Ky. 2003). But a claimant is not eligible to receive the three multiplier just because she cannot return to work at a particular employer due to a work-related injury. In this matter, Dr. Cavallazzi clearly stated in his university evaluation that Berry retained the capacity to work as a nurse. The ALJ adopted the doctor's opinion in his original decision and declined to amend his findings on a petition for reconsideration. His finding that Berry can return to work as a nurse is supported not only by Dr. Cavallazzi's opinion, but also

by her own testimony. Thus, Berry is not eligible to have her PPD benefits enhanced by the three multiplier and the Board did not err by reversing that portion of the ALJ's opinion, order; and award.

Berry alternatively argues that the Board erred by failing to remand this matter for the ALJ to determine the applicability of the two multiplier. But, to receive the two multiplier the claimant must return to work at a weekly wage equal to or greater than her average weekly wage at the time of the occupational disease and injury. KRS 342.730(1)(c)2. The ALJ found that Berry was not earning an equal to or greater average weekly wage, and based on that finding she is ineligible to receive the two multiplier. This factual finding was not challenged in her petition for reconsideration and is the law of the case. Berry is not eligible for her PPD benefits to be enhanced by a multiplier as provided by KRS 342.730(1)(c)1 or 2.

For the reasons set forth above, we affirm the decision of the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT,
PENNY BERRY:

Wayne C. Daub

COUNSEL FOR APPELLEE,
CEDAR LAKE PARK PLACE:

Andie Brent Camden