RENDERED:  AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001782-WC

JBS SWIFT                                                         APPELLANT

v.
PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-16-98773

ANA MABEL DUMOIS BUENO;
HON. STEPHANIE L. KINNEY,
ADMINISTRATIVE LAW JUDGE; and
WORKERS' COMPENSATION BOARD                      APPELLEES

OPINION
AFFIRMING IN PART, VACATING IN PART, AND REMANDING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

CALDWELL, JUDGE:  JBS Swift (Swift) petitions for review of a Workers'

Compensation Board (Board) decision, arguing that the Board erred in affirming

the Administrative Law Judge's (ALJ's) 1) award of temporary total disability

(TTD) benefits for a second time period from July 19, 2016, through July 27, 2017,

and 2) enhancement of permanent partial disability (PPD) benefits by the three-multiplier in Kentucky Revised Statutes (KRS) 342.730(1)(c)1. We affirm the Board on the TTD issue, but we vacate and remand on the PPD enhancement issue for further proceedings in conformity with this Opinion.

## BACKGROUND

Ana Mabel Dumois Bueno (Bueno) began working for Swift in May 2015. Bueno suffered a work-related injury on November 14, 2015, as she was walking down an aisle and her left hand collided with a tool being carried by another employee walking toward her. After reporting her injury and receiving treatment, Bueno was quickly released back to work with restrictions. She continued to work for Swift in various capacities until she underwent surgery to her left index finger on June 24, 2016.

Bueno then returned to work on July 12 but was no longer working for Swift by July 19. Bueno underwent additional surgery to her left index finger in May 2017, and her treating surgeon (Dr. Gupta) found her to be at maximum medical improvement (MMI) on July 27, 2017. Meanwhile, Bueno had also been seeking treatment for psychological difficulties since about the autumn of 2016. Bueno had not returned to work as of January 2019, when the ALJ conducted an evidentiary hearing.

Bueno testified at the evidentiary hearing, as did Swift's occupational health manager, Lisa Nikki Brown (Brown). Bueno testified to being previously informed that Swift had no work available within her restrictions. Brown testified to Swift sending Bueno a letter offering a position within her restrictions after her injury but receiving no response. Brown also testified to Swift currently having available about fifteen positions which would accommodate restrictions placed on Bueno such as maximum lifting limits.

Following the evidentiary hearing, the ALJ issued an opinion, order, and award dated May 10, 2019 (ALJ Opinion). The ALJ found that Bueno sustained an injury to her left index finger,[1] which also resulted in a psychological injury.[2] The ALJ awarded Bueno TTD benefits from June 24, 2016, through July 11, 2016, and for July 19, 2016, through July 27, 2017. The ALJ also determined that Bueno was entitled to the three-multiplier, providing the following analysis:

> The parties preserved capacity to perform pre-injury
> work as a contested issue. The issue boils down to

---

[1] Although Bueno had alleged injuries in other parts of her left hand, the ALJ noted that the medical proof was undisputed only as to the left index finger.

[2] Although Swift originally challenged the work-relatedness of Bueno's psychological condition to the ALJ, Swift has not challenged the ALJ's determination that Bueno suffered a psychological injury or the ALJ's permanent impairment rating being based partly on Bueno's psychological condition in its petition for review. We note that the parties' briefs focused only on physical injury and that according to her response to the petition for review, Bueno believes the "issues on appeal do not involve the psychological component" of her claim. (Response, p. 1.) Although we need not discuss in any detail Bueno's psychological condition or treatment, we nonetheless mention her psychological condition as the TTD award we review was based partly on this factor.

-3-

whether Plaintiff can perform her pre-injury work. This ALJ concludes Plaintiff lacks the physical capacity to perform her pre-injury job duties, relying primarily on Dr. Gupta's permanent work restrictions. Plaintiff did not return to her pre-injury job duties following the work injury. Plaintiff returned to work, but with light duty restrictions and Plaintiff was later restricted from working in frigid conditions. Eventually, Defendant ceased accommodating Plaintiff's light duty work restrictions and Plaintiff was sent home with no work available. As such, Plaintiff is entitled to the three multiplier.

(ALJ Opinion, pp. 17-18.)

Swift filed a petition for reconsideration, challenging Bueno's entitlement to the second period of TTD benefits and requesting further findings of fact on the three-multiplier. Swift pointed to Dr. Gupta's records reflecting releases to work with restrictions from December 2016 through June 2017 and his opinion that Bueno's symptoms seemed "out of proportion" to argue that the second period of TTD benefits (July 2016-July 2017) was unwarranted. Swift also asserted that many jobs similar to Bueno's original position were available to her and that "there is no credible evidence that she is unable to perform her regular work duties" in requesting further findings on the three-multiplier.

In her order ruling on Swift's petition for reconsideration, the ALJ again found awarding the second period of TTD benefits appropriate based on surgery being recommended and performed after Dr. Gupta's December 2016 release with restrictions, which the ALJ found supported Bueno's complaints of

-4-

additional symptoms preventing her return to light-duty work during that period, and found Bueno entitled to TTD as "she felt physically incapable of performing light duty work offered by Defendant [Swift]." The ALJ further noted Bueno's psychological condition and treatment during the second period. Based on the combination of Bueno's psychological symptoms and her physical symptoms before and after the May 2017 surgery, the ALJ was not convinced that Bueno "retained the capacity to perform light duty work" during the second period. (Order on Employer's Petition for Reconsideration, p. 2.)

After discussing the appropriate period of TTD benefits, the ALJ then addressed the three-multiplier issue, noting Swift's arguments that it offered Bueno many jobs "similar to her pre-injury job duties" and that there was no credible evidence she could not return to her regular work duties. However, the ALJ disagreed with these arguments based on "Dr. Gupta's permanent work restrictions which included no lifting over ten pounds and no work in cold environment." And she concluded that Bueno was entitled to the three-multiplier based on Dr. Gupta's restrictions and "Plaintiff's [Bueno's] description of her job duties." (Order on Employer's Petition for Reconsideration, p. 2.)

Swift then appealed to the Board, which affirmed. Regarding the TTD issue, the Board noted Swift's assertion that jobs existed within Dr. Gupta's restrictions for Bueno during the second period. But the Board determined that the

ALJ had properly considered the totality of the circumstances and identified sufficient proof to support a finding that Bueno lacked the capacity to return to work during the second TTD period. The proof identified by the Board included Bueno's testimony about feeling physically unable to return to work, her undergoing the second surgery, and evidence of her psychological condition.

Regarding the enhancement of PPD benefits by the three-multiplier, the Board affirmed, disagreeing with Swift's argument that the availability of supposedly similar positions precluded enhancement:

> In making its argument, JBS Swift essentially concedes that Dr. Gupta's restrictions would prevent Bueno's return to work as an electric knife operator. Instead, it emphasizes Brown's testimony that at least fifteen positions exist within Bueno's permanent restrictions. However, KRS 342.730(1)(c)1 does not direct the ALJ to consider whether positions exist that the employee could perform. The plain language of the statute and the pertinent case law requires the ALJ to analyze the actual tasks the employee performed prior to the injury. Voith Industrial Services, Inc. v. Gray, 516 S.W.3d 817 (Ky. App. 2017).

(Board Opinion, pp. 8-9.) And the Board pointed to Dr. Gupta's medical opinion and Bueno's testimony "regarding her ability to perform her pre-injury position" as providing the required substantial evidence to support the ALJ's conclusion that Bueno lacked the physical capacity to return to her pre-injury employment. (Board Opinion, p. 9.)

## STANDARD OF REVIEW

"The function of further review of the [Board] in the Court of Appeals is to correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). And, pursuant to KRS 342.285, the ALJ is the sole finder of fact in workers' compensation claims. Our courts have construed this authority to mean that the ALJ has the sole discretion to determine the quality, character, weight, credibility, and substance of the evidence, and to draw reasonable inferences from that evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985); *McCloud v. Beth-Elkhorn Corp.*, 514 S.W.2d 46, 47 (Ky. 1974).

## ANALYSIS

**No Reason to Disturb Board's Affirmance of TTD Award**

The ALJ awarded Bueno TTD benefits for two time periods: 1) June 24, 2016, through July 11, 2016, and 2) July 19, 2016, through July 27, 2017.[3] Swift challenges only the TTD award for the later period, asking that it be vacated.

---

[3] Regardless of any erroneous statement in the briefs or record that the ALJ awarded TTD for July **18**, 2016, through July **31**, 2017, we note that the ALJ clearly awarded TTD for a second period lasting from July **19,** 2016, through July **27**, 2017, despite Bueno's request for TTD from July 18, 2016, through July 31, 2017. (ALJ Opinion, pp. 15-16, 20 and Order on Employer's Petition for Reconsideration, p. 2.)

We quote Swift's TTD award argument in its entirety:

> The ALJ has awarded a second period of TTD benefits from July 18, 2016 through July 31, 2017. However, the records of Dr. Gupta reflect releases to return to either one-handed work or work not in a cold environment on December 15, 2016; and, on January 21, May 23, June 8, and June 22, 2017. In fact, on June 8, 2017, Dr. Gupta noted that, "the plaintiff's symptoms were out of proportion to the situation."
>
> There is no real evidence that the company refused to continue to offer her work avoiding cold. In fact, the evidence shows a tremendous number of available jobs. Her refusal to return to work without physical reasons should not result in a TTD award.

Swift fails to cite any statutes, case law, or other legal authority in its TTD argument. Due to this failure to cite any legal authority, this Court could properly deem any alleged error in the TTD award waived and decline to review this issue. *Hadley v. Citizens Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005). Nonetheless, we briefly review the issue pursuant to *Western Baptist*, *supra.*

As Swift has not discussed any legal authority on the TTD issue, it has failed to convince this Court that the Board has overlooked or misconstrued controlling statutes or precedent. And despite its view that the evidence did not support the TTD award, we do not perceive that the Board "committed an error in assessing the evidence so flagrant as to cause gross injustice" upon our review.

-8-

Despite Swift's citation of Dr. Gupta's release with restrictions and assertion that jobs existed within these restrictions, the Board determined that other evidence sufficiently supported the ALJ's conclusion that Bueno **could not** return to work during this period. The Board noted Bueno's testimony about how she felt physically unable to perform even light-duty work, how the ALJ found Bueno's testimony to be supported by the need for additional surgery, and the ALJ's consideration of Bueno's psychological condition. Based on this proof, it determined that despite Dr. Gupta's release to work with restrictions, "the ALJ identified sufficient proof to substantiate the conclusion that Bueno had not reached a level of improvement of both her physical and psychological injury to permit a return to employment prior to the point at which she reached MMI." (Board Opinion, p. 10.)

As the Board concluded that sufficient evidence supported the ALJ's finding that Bueno was *unable* to return to work during the second TTD period, whether jobs were available or offered within restrictions was of little consequence. Any error in the Board's assessment of Bueno's and Brown's testimony concerning whether Swift offered work within Bueno's restrictions (including no cold environment) was harmless because the TTD award was affirmed based on Bueno's *inability* to return to work and not on a lack of jobs being available or offered.

-9-

Having reviewed the record, the Board's assessment of the evidence on TTD was not so flagrantly erroneous as to result in gross injustice. Nor do we perceive that the Board overlooked or misconstrued controlling statutes or precedent. Thus, we affirm on the TTD issue.

**Board Erred in Affirming Application of Three-Multiplier to PPD Benefits as Additional Findings and Analysis Are Necessary**

Swift contends that the Board erred both in construing controlling authority and in assessing the evidence in affirming the ALJ's application of the three-multiplier in KRS 342.730(1)(c)1. Although we perceive no error in the Board's discussion of the law, Swift has identified some problematic points in the ALJ's findings which require further clarification. Thus, we vacate the Board on this issue with directions to vacate the ALJ's application of the three-multiplier and remand for further findings as specified below.

### A. No Error in Board's Statement of Law

KRS 342.730(1)(c)1 provides that: "If, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be multiplied by three (3) times the amount otherwise determined under paragraph (b) of this subsection . . . ."

Despite Swift's contentions that the Board erroneously relied upon the case of *Ford Motor Co. v Forman*, 142 S.W.3d 141 (Ky. 2004), in construing KRS

342.730(1)(c)1, the Board did not cite that particular case in its discussion of the law governing entitlement to the three-multiplier. And having reviewed both KRS 342.730(1)(c)1 and the actual case law cited by the Board, we perceive no error in the Board's statement that:

> KRS 342.730(1)(c)1 does not direct the ALJ to consider whether positions exist that the employee could perform. The plain language of the statute and the pertinent case law requires the ALJ to analyze the actual tasks the employee performed prior to the injury. <u>Voith Industrial Services, Inc. v. Gray</u>, 516 S.W.3d 817 (Ky. App. 2017).

(Board Opinion, pp. 8-9.) There is nothing in the text of the statute to specifically require that the ALJ consider whether other positions exist that the employee could perform. And *Voith* does call for an ALJ to analyze actual tasks (not necessarily job title or employment position) performed prior to the injury in determining whether a claimant has the physical capacity to return to their pre-injury type of work. *Voith*, 516 S.W.3d at 821 (upholding ALJ's award of three-multiplier under KRS 342.730(1)(c)1 despite claimant's return to his janitorial position because claimant lacked the physical capacity to perform pre-injury job tasks involving exposure to a solvent).

 *Voith* remains good law and Swift cites no authority specifically requiring an ALJ to consider other employment positions available (but where

Bueno does not actually work) in this context.[4]  Rather, the appropriate focus is on

whether the employee retains the physical capacity to return to performing the job

tasks performed prior to the injury as the Board appeared to recognize in assessing

whether the evidence supported the ALJ's conclusion that Bueno lacks the physical

capacity to return to her pre-injury employment.  (*See* Board Opinion, p. 9.)

In short, we perceive no error in the Board's statement of the law

governing entitlement to the three-multiplier in KRS 342.730(1)(c)1.

**B.  Possible Errors in Assessing Evidence and Need for Clarification or Additional Findings**

Swift contends that the Board erred in determining that Dr. Gupta's

medical opinion and Bueno's testimony support the ALJ's conclusion that Bueno

lacks the physical capacity to return to her pre-injury employment.  According to

---

[4] Swift asserts that courts have "held that where an individual may retain the physical capacity to return to the type of work she was performing at the time of injury, but does have the capacity to return to comparable work, earning the same or greater income and with a normal work life, then there may be no basis for a multiplier." (Petition for Review, p. 6.)  But it cites to cases which involve claimants **employed at equal or greater wages** despite being unable to return to their pre-injury job duties and, thus, involving questions of whether to apply the two-multiplier in KRS 342.730(1)(c)2 or the three-multiplier in KRS 342.730(1)(c)1. *See generally Fawbush v. Gwinn*, 103 S.W.3d 5 (Ky. 2003); *Adkins v. Pike County Bd. of Educ.*, 141 S.W.3d 387 (Ky. App. 2004); *Adams v. NHC Healthcare*, 199 S.W.3d 163 (Ky. 2006).  It also cites *Voith*, 516 S.W.3d at 821 as quoting *Adkins*, 141 S.W.3d at 390 that "in determining whether a claimant can **continue** to earn an equal or greater wage, the ALJ must consider a broad range of factors, only one of which is the ability to perform the current job" (emphasis added) and as quoting *Adams*, 199 S.W.3d at 168:  "The standard for the decision is whether the injury has permanently altered the worker's ability to earn an income."  These cases involving whether to apply the two-multiplier or the three-multiplier in no way clearly require that an ALJ consider other positions available to determine whether an employee is physically capable of returning to their pre-injury job duties.

Swift, the ALJ misinterpreted the proof. Swift argues that Dr. Gupta did not restrict Bueno from going back to her original job, which it characterizes as within his restrictions. While Swift appears to correctly state that Dr. Gupta did not specifically discuss Bueno's ability to return to her job, but simply issued restrictions, we cannot assess whether Bueno's original job duties were within his restrictions because Bueno's pre-injury job duties were never specifically identified.

Although the ALJ stated that she relied on Bueno's description of her job duties, the ALJ never identified exactly what Bueno's actual job tasks were before the injury, despite making findings of how Bueno's job duties changed after her injury. (*See generally* ALJ Opinion, pp. 1-2.) And despite referencing Brown's description of Bueno's job duties (working an electric knife at the head table, entailing holding pig head with left hand while cutting with right) within her summary of Brown's testimony, the ALJ's summary of Bueno's testimony did not include a description of Bueno's pre-injury job duties from Bueno's perspective. In short, though Bueno may have offered some testimony as to her job duties, the ALJ did not make a finding of fact as to how Bueno described her job duties or what her job duties were. And it would be improper for us to make our own findings of fact based on our review of the record. *Toyota Manufacturing v. Tudor*, 491 S.W.3d 496, 505 (Ky. 2016).

Unlike the total lack of findings as to Bueno's pre-injury job or job tasks, the ALJ made at least some findings as to what Dr. Gupta's permanent restrictions entailed as she stated that "Dr. Gupta issued permanent light duty work restrictions, which included no lifting over ten pounds and no work in cold environment." (Order on Employer's Petition for Reconsideration, p. 2.) However, her use of the word "included" suggests that perhaps not all of Dr. Gupta's permanent restrictions were identified in her order.

We also note that despite the ALJ explicitly relying on medical proof only from Dr. Gupta, Bueno contends that evidence from Drs. Barefoot and Bilkey would also provide support for the ALJ's conclusion that Bueno lacked the physical capacity to return to her pre-injury position. The ALJ's summary of the evidence specifically notes Dr. Barefoot's opinion that Bueno "would not be able to return to her prior position on a production line" (ALJ Opinion, p. 10) but the ALJ did not explicitly indicate that she was relying on, or rejecting, Dr. Barefoot's opinion in her findings regarding application of the three-multiplier. It is the ALJ's sole task to weigh (*e.g.*, accept or reject) the evidence. *Voith*, 516 S.W.3d at 821. Thus, we cannot cherry-pick evidence from the record to support the position of Bueno or Swift. Moreover, to find that a claimant cannot perform her prior job duties, an ALJ must specify what the prior job duties were, and which duties a claimant can no longer perform. *See Shields v. Pittsburgh and Midway Coal*

*Mining Co.*, 634 S.W.2d 440, 444 (Ky. App. 1982) (Especially in disputed matters, the fact-finder in workers' compensation cases is required to "support its conclusions with facts drawn from the evidence in each case so that both sides may be dealt with fairly and be properly apprised of the basis for the decision.").

On remand, the Board shall direct the ALJ to make explicit findings setting forth Bueno's pre-injury job tasks and all evidence (including all of Dr. Gupta's permanent restrictions) relied upon concerning her physical capacity to perform these tasks after her injury. Only then may the ALJ properly assess whether Bueno has the physical capacity to return to her pre-injury type of work and whether she is therefore entitled to the three-multiplier under KRS 342.730(1)(c)1.

## CONCLUSION

For the foregoing reasons, we affirm the TTD award but vacate the Board's affirmance of the application of the type-of-work three-multiplier with directions to vacate the ALJ's application of the three-multiplier and remand to the ALJ for further findings and clarification. On remand, the ALJ shall make findings specifically identifying the job tasks performed by Bueno prior to her injury and specifically identifying all evidence relied upon regarding Bueno's physical capacity to perform these job tasks before determining whether Bueno is therefore entitled to application of the three-multiplier in KRS 342.730(1)(c)1.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE ANA MABEL DUMOIS BUENO: |
|---|---|
| Walter E. Harding<br>Louisville, Kentucky | Stephanie N. Wolfinbarger<br>Louisville, Kentucky |