RENDERED:  MAY 30, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0238-WC

KENDRA RUSSELL                                                           APPELLANT


PETITION FOR REVIEW OF A DECISION
v.                OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-23-00900


INTERNATIONAL AUTOMOTIVE
COMPONENTS; HONORABLE
PHILLIPE RICH, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD                                                       APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, ECKERLE, AND L. JONES, JUDGES.

COMBS, JUDGE:  Appellant, Kendra Russell (Russell), appeals that portion of

Workers' Compensation Board's Opinion vacating the Administrative Law

Judge's award of the three-multiplier and remanding for additional findings.  After

our review, we affirm.

Russell was employed by the Appellee, International Automotive Components (IAC), from June 2002 until June 25, 2021, the date on which the plant closed. On September 16, 2023, Russell filed an Application for Resolution of an injury claim (Form 101) against IAC alleging a June 25, 2021, cumulative trauma injury to multiple body parts -- including her neck, shoulders, and back.

The claim was contested and the medical evidence was in conflict. Russell filed the Form 107 Report of Larry Oteham, D.O., who evaluated Russell at her attorney's request. IAC filed reports from Dr. Mitchell Harris and Dr. Gregory Snider, who performed Independent Medical Exams at IAC's request. IAC also deposed Dr. Oteham, and Russell testified by deposition and at the final hearing.

On July 24, 2024, the Administrative Law Judge (ALJ) rendered an Opinion, Award, and Order, as follows in relevant part:

> The ALJ relies upon Dr. Oteham to find Russell's cervical and shoulder conditions are related to her performance of the blow molding and headliner jobs at IAC. Russell testified credibly that performance of these jobs involved considerable repetitive overhead lifting. The ALJ has also considered that Russell performed these jobs for almost twenty years. Drawing reasonable inferences from this evidence has convinced the ALJ that Russell's neck and bilateral shoulder conditions [are] partially attributable to her work with IAC.

The ALJ concluded that Russell's low back condition was not work-related based upon the opinions of Dr. Harris and Dr. Snider. However, the ALJ found that Russell had a combined 14% impairment for her work-related bilateral shoulder and cervical spine condition based on the opinion of Dr. Oteham. Furthermore, "[b]ased upon the testimony of Dr. Oteham," the ALJ found that "Russell lacks the physical capacity to return to her pre-injury work at IAC, and she is entitled to the 3.2 multiplier contained in KRS 342.730(1)(c)(2) [*sic*]."[1]

IAC filed a Petition for Reconsideration pursuant to KRS 342.281 and argued that the record did not support the ALJ's award of the three-multiplier. With respect to the finding that Russell lacked the physical capacity to return to her pre-injury work, IAC argued that that finding was contrary to Russell's testimony that she was working without restrictions when she was laid off and had no plans of quitting. IAC requested additional findings of fact, including a finding "reconciling how Plaintiff worked without restrictions until she was laid off, at which point she had no plans of quitting, but is now incapable of returning to that job."

---

[1]As the Board explained at page 8, footnote 1, of its Opinion, "We note the three-multiplier is contained in [Kentucky Revised Statute] 342.730(1)(c)1., not (1)(c)2. as stated by the ALJ; however, as we are remanding this claim on other grounds, the ALJ may correct any clerical error on remand."

On reconsideration, the ALJ clarified that the only conditions found to be compensable are the bilateral shoulder and cervical conditions. Otherwise, the ALJ denied IAC's petition, stating that "the Defendant's Petition seeking additional findings and a further explanation of the basis for the award is overruled."

IAC appealed to the Workers' Compensation Board (Board) and raised two issues: (1) that substantial evidence did not support the ALJ's determination that Russell's neck and shoulder conditions were work-related; and (2) that it was an abuse of discretion to award the three-multiplier because the record was completely void of any testimony that Russell had any current work restrictions or the inability to perform her prior job at IAC.

On January 31, 2025, the Board entered a detailed Opinion Affirming In Part, Vacating In Part, and Remanding. On the issue of work-relatedness of the neck and shoulders, the Board affirmed. With respect to the award of the three-multiplier, the Board vacated and remanded as follows in relevant part:

> The ALJ is required to recite the specific evidence he relied upon in finding the three-multiplier applicable. A general statement of reliance upon a particular doctor is insufficient, as more detail is required. In his report, Dr. Oteham opined Russell could "continue to perform her work duties in the full-time setting she is currently employed in." Russell was working in a clerical data entry position for a new employer at the time of Dr. Oteham's examination. Dr. Oteham did not mention any

-4-

specific physical restrictions or whether she could perform her pre-injury work.

The ALJ was charged with analyzing the actual tasks the employee performed prior to the injury and then assessing the limitations and restrictions on her physical activities resulting from the work-related injury. Voith Industrial Services, Inc. v. Gray, 516 S.W.3d 817 (Ky. App. 2017). Miller v. Square D Co., 254 S.W.3d 810, 813-814 (Ky. 2008) stands for the proposition that a worker who can no longer perform all his required job tasks lacks the ability to return to the "type of work performed at the time of injury." Additionally, in Ford Motor Co. v. Forman, 142 S.W.3d 141 (Ky. 2004), the Supreme Court held that the type of work performed at time of injury refers to the actual jobs the individual performed. Finally, the evidence is reviewed as of the time of the hearing to determine whether a claimant could perform his pre-injury work. *See* Apple Valley Sanitation Inc. v. Stambaugh, 645 S.W.3d 434, 438-439 (Ky. 2022).

A worker's testimony is competent evidence of his or her physical condition and of their ability to perform various activities both before and after being injured. Hush v. Abrams, 584 S.W.2d 48 (Ky. 1979). The ALJ may but is not compelled to rely upon the claimant's self-assessment of their ability to perform their prior work. Ira A. Watson Department Store v. Hamilton, supra.

The Board is not directing a particular result. The ALJ must simply and adequately detail the evidence relied upon in reaching his decision. Kentland Elkhorn Coal Corporation v. Yates, 743 S.W.2d 47 (Ky. App. 1988). A party is entitled to know with some specificity the reasons for the award, although certainly the ALJ is not required to engage in a detailed discussion or set forth in minute detail the reasons for reaching a particular result. Big Sandy Community Action Program v. Chaffins, 502 S.W.2d 526 (Ky. App. 1973).

-5-

Russell appeals and makes a generalized argument that the Board's determination -- to vacate in part and remand -- was based upon a misunderstanding of the evidence. IAC requests that the Board's decision be upheld because the ALJ failed to adequately detail the evidence upon which he relied.

The standard of our review is set forth in *Tryon Trucking, Inc. v. Medlin*, 586 S.W.3d 233 (Ky. 2019):

> [L]ike any other issue in a workers' compensation proceeding, the appellate courts may review the Board's decision to remand to the ALJ for error, taking into consideration . . . the Board's wide discretion to do so.
>
> [A]s always, we assess the Board's decision to remand based upon whether it has "overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice."

*Id.* at 238 (quoting *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992)).

We perceive no such error in the case before us. To the contrary, we agree with the Board's thorough analysis. Accordingly, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

McKinnley Morgan
London, Kentucky

BRIEF FOR APPELLEE
INTERNATIONAL AUTOMOTIVE
COMPONENTS:

Donald J. Niehaus
Lexington, Kentucky

W. Clayton Stone, II
Lexington, Kentucky